Michael Calmese
3046 N. 32nd Street Ste.321
Phx, Az 85018
(602)348-0964
Attorney Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC., ) | NO. CV 08-0091 ST |
| ) | |
| Plaintiff-Counter-Defendant ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL D. CALMESE ) | |
| ) | |
| Defendant-Counterclaimant ) | |

## RESPONSE TO PLAINTIFFS MOTION TO HAVE DEFENDANT DECLARED A VEXATIOUS LITIGANT

### I. INTRODUCTION

**HERE, NOW COMES,** Defendant Michael D. Calmese, who files his Response

to Plaintiff's Motion to Have Defendant Declared a Vexatious Litigant, and would

respectfully show the court;

Vexatious litigation is a type of malicious prosecution that enables the defendant

to file a tort action against the plaintiff. A plaintiff in a malicious prosecution must prove

that a legal proceeding (or multiple proceedings) was instituted by the defendant, that the

original proceeding was terminated in favor of the plaintiff, that there was no probable

cause for the original proceeding, and that malice, or a primary purpose other than that of

bringing the original action, motivated the defendant. A plaintiff in such an action may

recover, for example, the expenses incurred in defending the original suit or suits, as well as resulting financial loss or injury. A plaintiff may also recover damages for mental suffering of a kind that would normally be expected to follow from the original action.

Here, Plaintiff has used Defendants' "ten" other lawsuits to substantiate their claim that filing two motions in this case as a Defendant constitutes Vexatious Litigation, even though the cause of action was filed by the Plaintiff and Defendant was simply responded to the legal action.

Here, the Plaintiff's claims against Mr. Calmese are groundless and frivolous. In defending his claim against Adidas, is it even proper for a court to declare a defendant as a vexatious litigant.

## II. RELEVANT FACTS

1. Plaintiff filed a Motion to Compel on Defendant stating in their Certificate of Conference that they spoke to Defendant regarding the Discovery.

2. Defendant answered the Motion to Compel and asserted that there were no such communication between Plaintiff and Defendant regarding discovery issues and how to resolve any disputes as claimed by Plaintiff.

3. A hearing was held on Defendant's Motion to Compel and the court issued an order.

4. Defendant filed his Motion for Sanctions on the grounds that there no communications between Plaintiff and Defendant regarding discovery issues and how to resolve any disputes as claimed by Plaintiff.

5. A hearing was held on Defendant's Motion to Compel and the court issued an order.

6. Adidas then filed its Motion to Have Defendant Declared a Vexatious Litigant against Michael D. Calmese in response to Defendant's Motion for Sanctions against Plaintiff.

## III. ARGUMENT

### A. LEGAL STANDARD

The court has held that "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *See Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989).* Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take. *Id. See also In re Oliver, 682 F.2d 443, 445 (3d Cir.1982)* Nonetheless, the court also recognize that such pre-filing orders should rarely be filed because an order imposing an injunction "is an extreme remedy, and should be used only in exigent circumstances" *See, e.g., Oliver, 682 F.2d at 445*

Title 28 U.S.C. s 1915(d) provides in pertinent part, "the court may . . . dismiss the case if . . . satisfied that the action is frivolous or malicious". It is beyond cavil that frivolous and malicious suits are abuses of the judicial process and are not permissible under 28 U.S.C. s 1915. *See also Urbano v. Sondern, 41 F.R.D. 355 (D.Conn.1966),* aff'd, 370 F.2d 13 (2d Cir.), cert. denied, 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596 (1966).

When a party is declared a vexatious litigant, it prevents them from initiating multiple frivolous causes of action. However, Adidas is attempting to prevent Mr. Calmese from filing motions or additional materials within this action for the purpose of

defending himself against Adidas.

Here, Michael Calmese claims are not frivolous, malicious and without merit as discussed in detail below.

## 1. Calmese's Extensive History of Litigation

On December 9, 2004, Senior United States District Judge Edward Rafeedie in the Central District of California declared Molski a vexatious litigant. *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860 (C.D.Cal.2004). Yet, on January 12, 2005 the court denied Molski as a vexatious litigant in Molski v Rapazzini Winery 400 F. Supp 2d 1208 (N. D. Cal 2005) . Under the Ninth Circuit test, the court must find that specific filings are frivolous or harassing. Molski did not dispute that he has filed many ADA access lawsuits. Numerosity, however, is not sufficient to show that a lawsuit is frivolous or harassing. In *De Long*, 912 F.2d at 1147 the court held that it must examine the content of filings, mere litigiousness is insufficient. In Molski vs Rapazzini the Court examined the contents of Molski's pleadings and found that the ADA claims were not frivolous.

In this case, Adidas initiated a cancellation of the PROVE IT mark based upon fair use. One issue of fact in this case is that PROVE IT is on Adidas tag. This fact alone gives merit to this particular case against Adidas. Below is a rendition of several of the cases that Mr. Calmese was involved in with cause numbers.

1   In cause number, CV-2001-000866, Mr. Calmese was able to obtain settlement in his favor one week before trial. This was a trademark infringement / fraud case. The Phoenix Sun's attorney Mr. Ray Harris called him one afternoon and a reasonable settlement offer which was accepted. Mr. Calmese produced an enormous amount of evidence in this case. as a result was able to enter into an agreement with the Phoenix Suns and Mr. Calmese currently sell "PROVE IT!®" branded orange t-shirts at most of the Suns games. This case was justified.

1   In Cause number CV-1993-000008 Mr. Calmese won a favorable judgment for an

automobile accident. This case was justified.

2   In the state of Arizona Cause No, CV-1998-003297, CV-1999-13236 and CV-
    1999-016543 were all settled. These cases were all filed by Mr. Jordan
    Meschkow and were justifiable. Mr. Meschkow is also the same attorney who
    completed my registration in 1998 and he also filed my Section 8, 15 in 2004.
    Mr. Meschkow did excellent work and was able to obtain settlements. These
    cases were all justified. Attached is the order from the court of Arizona in one of
    the cases. Mr. Calmese has judgment in his favor.

3   In the Nike Case, Mr. Calmese filed a complaint. Mr. Calmese has filed a motion
    for reconsideration and tried to address issues regarding his summary judgment
    evidence.

Numerosity is not the issue. Adidas has not shown a history of initiating multiple

frivolous lawsuit designed to harass defendants. Thus, Adidas have not met its burden of

proof.


**2. Calmese Does Not Have a Good Faith Motive In Pursuing Litigation**

At the heart of this case is fair use. Adidas is claiming fair use of the mark "Prove

It" on their hang tag. This is an issue of fact for the court and jury to decide. It is not

extortion if the facts are relevant and founded in the law pursuant to the Lanham Act.


**3. Calmese is Not Represented by Counsel**

In *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.) the court held that "the use of

such measures against a pro se plaintiff should be approached with particular caution." *In

re Powell*, 851 F.2d 427, 431 (D.C.Cir.1988) (per curiam) the court stated that such

orders should "remain very much the exception to the general rule of free access to the

courts".

In Pavilonis the court noted that she filed "numerous unsupported" actions, using

the same deficient complaints, but it did not appear that Pavilonis was attempting to

reopen closed cases. The court stated that Pavilonis litigation was not malicious and designed to harass, but was a misunderstanding of the rules of procedure.

Thus, the fact that Michael Calmese is not represented by counsel is not the issue. Here, Michael Calmese has not initiated multiple bad faith litigation, but has initiated a counter claim in response to Adidas declaratory judgment and attempt to cancel the "PROVE IT" trade mark. Mr. Calmese has a right to defend his trade mark Under the Lanham Act. If he fails to do so, he will loose his rights under the Lanham Act.

The filing of a motion for sanctions within a proceeding is not the basis for declaring a party a vexatious litigant. The plaintiff must initiate multiple frivolous lawsuit to harass a defendant. That is not the case here.

Adidas zealously defend their mark on a regular basis. In fact the filing of this cancellation mark is an attempt to appropriate Mr. Calmese's PROVE IT mark and allow Adidas the right to use the PROVE IT mark.

## 4. Calmese Has Caused Needless Expense to Adidas And Has Unnecessarily Burdened The Court

The exchange of heated discussions happen between attorneys. Additionally, litigation attorneys are trained to interrogate to elicit emotional responses. As a pro se defendant, Mr. Calmese does not have this training and experience. One of the emails in the exhibits from Mr. Calmese specifically states that it is in response to your email. The elicited emotional response from Mr. Calmese should not be used to as a means to preclude his rights to have continued access to the courts.

Adidas initiated this cause of action and Mr. Calmese is defending his trademark PROVE IT. The court system is designed for the purpose of a party protecting its rights

under the law. Adidas is a large corporation with many financial assets. The fact that Adidas has to contend with the cost of litigation of their mark against Mr. Calmese, a pro se litigant, was known upon the initiation of this lawsuit.

## 5. Other Sanctions Would Not Be Adequate to Protect Adidas and The Court.

The issue is whether other sanctions would be adequate to protect the courts and other parties from vexatious litigation. *See Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2nd Cir.1986).*

To be a vexatious litigant, the plaintiff must initiate multiple frivolous lawsuit to harass a defendant. Here, the filing of a motion for sanctions by Mr. Calmese against Adidas within a proceeding is not the basis for declaring a party a vexatious litigant. A filing for a rehearing to a court on a specific issue is also within the rules of procedure. Here, Adidas have no basis for declaring Calmese a Vexatious litigant and preventing him the right to initiate new proceedings. Regarding communications between the parties, it is well within the courts jurisdiction to enter an instruction to parties regarding non-harassing communications.

## IV. CONCLUSION

The defendant prays that the court denies Adidas Motion TO HAVE DEFENDANT DECLARED A VEXATIOUS LITIGANT.

Respectfully submitted,

Michael D. Calmese
3046 N. 32nd Street. Ste. 321
Phoenix, Arizona 85018
(602)348-0964

**ATTONEY PRO SE**

Original of the foregoing was mailed this 22nd day of November 2008, to:

David K. Friedland
Jaime S. Rich
LOTT & FRIEDLAND
355 Alhambra Circle, Ste. 1100
Attorneys for Plaintiff
Via Certified Mail

1
2
3
4
5
6
7
8
9
10
11
12
13

## SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| Michael Caimese, an individual, and Prove It! ) | Case No.: CV-99-13236 |
| Sportsgear, Inc., an Arizona Corporation, ) | JUDGMENT |
| Plaintiff, ) | |
| vs. ) | |
| Jeffery Lee Pimaner, an individual, T.W.IZ.Y. ) | |
| Incorporated, an Arizona Corporatior. d.b.a. ) | |
| Prove it Sportsgear, ) | |
| Defendant ) | |

It appearing from the records in the above-entitled action that summons has been served upon the defendants, it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by A.Z.R.C.P. 55(a) that the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and that neither Defendant is an infant or an incompetent person, , and it further appearing from the record that default was entered on September 2,1999.

IT IS ORDERED:

1. Defendants have infringed the Plaintiffs' trade name, are ordered to pay damages to Plaintiffs for the trade name infringement in the amount of $5,000.

2. Defendants have defamed the Plaintiffs, and are ordered to pay damages to Plaintiffs for the defamation of character - libel in the amount of $5,000.

3. Defendants are ordered to pay additional damages for lost sales after October 1, 1999 at $2,500 per month.

4. That the damages be trebled because Defendants conduct was malicious and intentional to $30,000, if judgment is entered by October 1, 1999, or $37,500, if judgment is entered after October 1, 1999, but before November 1,1999, and by $7,500 per month thereafter.

5. Defendants are ordered to cease use of the names Prove It Sportsgear, Prove It! Sportsgear, or Prove It! in connection with sales of clothing.

DATED: ____NOV 0 8 1999_____

By____KENNETH L. FIELDS_____

Superior Court Judge