IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADIDAS AMERICA, INC., a Delaware
corporation,                                            Civil No. CV-08-91-ST

               Plaintiff and Counterclaim
               Defendant,                        OPINION AND ORDER

v.

MICHAEL D. CALMESE, a resident of
Arizona,
               Defendant and Counterclaimant.
——————————————————————

STEWART, Magistrate Judge:

      Plaintiff, Adidas America, Inc. ("adidas"), filed this action on January 18, 2008, against

Michael Calmese ("Calmese"), the owner of United States Trademark Registration

No. 2,202,454 for the mark PROVE IT!.  The dispute centers on adidas's use of the phrase

"prove it" on adidas-branded t-shirts that allegedly infringe on Calmese's PROVE IT! mark.

      On July 2, 2009, this court issued its original Findings and Recommendation (docket

1 - OPINION AND ORDER

#97) (later amended on July 8 to correct an error (docket #101)), that adidas's Motion for

Summary Judgment (docket #42) should be granted on its First Cause of Action for non-

infringement of a registered trademark and against Calmese's two counterclaims, denied as moot

as to its affirmative defense of fair use, and denied as to its Second and Third Causes of Action

for non-false designation of origin and cancellation of trademark registration.

A few days later, Calmese's attorney, Andrew McNamer ("McNamer"), filed an Ex Parte

Motion to Withdraw as Counsel of Record (docket #98), which was granted on July 7, 2009

(docket #100). Appearing *pro se*, Calmese filed objections to the Findings and Recommendation

on July 22, 2009 (docket #106).

On July 19, 2009, Calmese filed a motion for leave to amend his opposition to adidas's

Motion for Summary Judgment and to file a motion to dismiss (docket #103). In essence,

Calmese seeks permission to reopen the summary judgment motion in order to present more

evidence. For the reasons set forth below, that motion is denied.

### DISCUSSION

Calmese's motion is premised on two allegations: (1) his former attorney had a conflict

of interest because he previously represented adidas and did not disclose that conflict to

Calmese; and (2) his former attorney failed to file certain evidence in opposition to adidas's

motion for summary judgment.

## I.    Conflict of Interest

After filing this action *pro se* and advising the court on several occasions that he was

trying to find counsel, Calmese finally was successful. McNamer filed his formal notice of

appearance on December 15, 2008 (docket #60), almost a year after commencement of this

action and about one month after adidas had filed its motion for summary judgment.  One day

later on December 16, 2008, counsel for adidas sent an email to McNamer advising him of an

apparent conflict of interest.  Friedland Decl., ¶ 2, Ex. A.  In that email, adidas's counsel

explained that McNamer had previously worked at the law firm of Davis Wright Tremaine

("DWT") where he apparently had represented adidas in connection with trademark and

litigation matters.  Counsel for adidas further advised that grounds for disqualification existed

because McNamer may have obtained confidential information regarding adidas's "litigation

strategy" that now could be used by McNamer and Calmese to the detriment of adidas.

Accordingly, adidas's counsel demanded that McNamer voluntarily withdraw from his

representation of Calmese or, alternatively, face a motion to disqualify.

　　　　McNamer responded with two emails that same day, explaining that his prior work at

DWT on behalf of adidas occurred six to seven years ago and consisted only of some

preliminary research regarding a potential claim related to a distributor for adidas that had not

paid a license fee.  *Id*, ¶¶ 3-4, Exs. B & C.  Since his limited work had nothing to do with

adidas's trademark or "litigation strategy," he advised adidas that any motion to disqualify would

be baseless.  *Id*, Ex. C.  After confirming the accuracy of McNamer's statements, adidas

concluded that McNamer did not have an actual conflict of interest that required his

disqualification from representing Calmese.  *Id*, ¶ 5, Ex. D.  On January 6, 2009, adidas's

counsel advised McNamer by email that adidas would not seek his disqualification.  *Id*, ¶ 6,

Ex. E.

　　　　Based on the email exchange between McNamer and adidas, it is clear that adidas, not

Calmese, was the party who potentially could have been harmed if McNamer actually had a

conflict.  In any event, McNamer was correct that his limited representation of adidas did not present an actual conflict that would require his disqualification.  After raising the potential conflict of interest issue, adidas wisely concluded that no actual conflict existed that required McNamer's disqualification.

Calmese states that he just recently learned that McNamer had previously represented adidas.  Even if McNamer failed to promptly inform Calmese of those communications, adidas bears no responsibility for that failure.  Ethically, adidas's counsel could not communicate directly with Calmese and instead properly communicated with McNamer about this issue. To the extent that McNamer failed to promptly inform Calmese of the communications with adidas concerning the alleged conflict of interest, that is entirely a matter between Calmese and McNamer.  This court cannot resolve such attorney/client disputes, and perceives no reason why that dispute should allow Calmese to file additional pleadings and motions.

Calmese seems to believe that due to his prior representation of adidas, McNamer somehow conspired with adidas against him.  This belief is based on McNamer offering his services for free which persuaded Calmese to drop representation by other attorneys that he claims would have properly represented him.  This belief lacks any objective evidence and defies common sense.  adidas threatened to disqualify McNamer after Calmese hired him.  The tenor of the email exchange reveals a clear lack of mutual affection between McNamer and adidas's counsel.  Furthermore, McNamer zealously represented Calmese by filing several pleadings on his behalf:  (1) an opposition to adidas's summary judgment motion, supported by ten declarations; (2) an opposition to adidas's subsequent motion to strike the third-party declarations and portions of Calmese's declarations; and (3) a supplemental declaration in

opposition to adidas's summary judgment motion.  He also appeared at the summary judgment hearing, vigorously argued on behalf of Calmese, and later filed a response to adidas's supplemental filings.  Simply because adidas prevailed on one of its claims does not mean that McNamer's representation was inadequate.

## II.    <u>Failure to File Evidence</u>

Calmese also complains that McNamer failed to file certain evidence in opposition to adidas's summary judgment motion.  Specifically, he states that McNamer "did not file important Discovery into evidence," as he requested, consisting of "affidavits of actual confusion from 3 different states, nearly 10 years of sales accounting and a judgment in the Court of law for lost sales."  According to Calmese, this "absent evidence" is "some of the same evidence provided to adidas during discovery" in this case.  Calmese argues that he will be prejudiced "if the absent evidence from Calmese's discovery is not added to this action," whereas adidas will not be prejudiced by allowing Calmese to amend his opposition to adidas's motion by including as part of that opposition "documents already provided to [adidas] during discovery."

The primary problem with Calmese's argument is that *all* of the documents that Calmese produced to adidas during discovery were, in fact, made part of the summary judgment record by adidas.  *See* Supplemental Declaration of Jaime S. Rich  (docket # 82), Exs. A & B.  Calmese has no need to supplement the summary judgment record to add this evidence.

Instead, Calmese seeks to supplement the summary judgment record with some documents not produced or disclosed to adidas during discovery.  These documents consist of "affidavits of actual confusion from 3 different states."  adidas first saw those affidavits when it received Exhibit A to Calmese's objection to the Findings and Recommendation (docket #106).

5 - OPINION AND ORDER

Feldman Decl., ¶ 7.  Those documents should have been produced much earlier by Calmese in response to both adidas's Interrogatory No. 11, which requested a detailed description of all instances of confusion, and Request for Production of Documents No. 18, which requested all documents of consumer inquiries evidencing confusion.  *Id*, ¶¶ 4-5, Ex. C, p. 11, & Ex. D., p. 7. Calmese's interrogatory response listed only one instance of confusion and further stated:  "This is only one instance of confusion and [Calmese] will submit an appreciable number of affidavits from a number of individuals establishing actual confusion."  *Id*, Ex. C, p. 22.  However, he did not produce any such affidavits during the discovery period.  *Id*, ¶ 7.  He also failed to produce any other responsive documents revealing customer confusion.  *Id*, Ex. D, p. 20.

        Thus, Calmese, not McNamer, failed to produce the affidavits of actual confusion to adidas in response to adidas's discovery requests.  Under FRCP 37(c)(1), the court may not allow a party to use documents not properly produced or disclosed during discovery to supply evidence on a motion.  Thus, even if McNamer then failed to file the affidavits in opposition to adidas's summary judgment motion, his error may have been harmless.

        More importantly, any such affidavits of consumer confusion would not have changed this court's conclusion that Calmese failed to create an issue of fact as to a likelihood of confusion between adidas's use of the phrase "prove it" in its t-shirt design and Calmese's PROVE IT! trademark.  That conclusion was based on an analysis of all eight relevant factors under *AMF, Inc. v. Sleekcraft Boats*, 599 F2d 341, 348-49 (9th Cir 1979).  As set forth in the Findings and Recommendation, two of the *Sleekcraft* factors are neutral, two favor Calmese, and the remaining four favor adidas.  Evidence of actual confusion is one of the four factors favoring adidas due to lack of any such evidence in the record.  Such evidence must be more than

affidavits from a few consumers, especially those with a connection to the alleged infringer, like those Calmese now seeks to introduce. To carry any appreciable weight, evidence of actual confusion should be in the form of some sort of statistically significant consumer survey. Calmese admitted that he did not have the financial resources to provide that type of evidence.

## III.    adidas's Request for Sanctions

Asserting that Calmese's motion is frivolous, adidas requests sanctions in the form of an award of attorney fees incurred to respond to the motion. That request is denied. Given that Calmese claims he only recently learned of the conflict of interest issue involving McNamer's prior representation of adidas, it is not surprising that he developed a suspicion. Due to adidas's response, that suspicion has now been put to rest. Moreover, it is understandable why Calmese would be unhappy at the result on summary judgment and seek to supplement the record. Trying to do so through this motion is not inherently unreasonable. Thus, this court does not view Calmese's motion as constituting the type of inappropriate behavior in his communications with adidas that requires the imposition of sanctions.

## ORDER

Defendant's Motion for Leave to Amend Opposition and File Motion to Dismiss (docket #103) is DENIED without any imposition of sanctions.

DATED August 17, 2009.


                                        s/ Janice M. Stewart
                                        JANICE M. STEWART
                                        United States Magistrate Judge




7 - OPINION AND ORDER