FILED'09 OCT 08 09:23USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADIDAS AMERICA, INC.,                              08-CV-91-ST

             Plaintiff,                         ORDER

v.

MICHAEL CALMESE,

            Defendant.

**DAVID K. FRIEDLAND**
**JAIME S. RICH**
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

**STEPHAN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

             Attorneys for Plaintiff

1 - ORDER

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

Defendant, *Pro Se*

**BROWN, Judge.**

On July 8, 2009, Magistrate Judge Janice M. Stewart issued
Amended Findings and Recommendation (#101) in which she
recommended this Court (1) grant the Motion (#42) for Summary
Judgment of Plaintiff adidas America, Inc., as to Plaintiff's
First Cause of Action for a declaratory judgment for
noninfringement of the registered trademark "prove it!";
(2) grant Plaintiff's Motion as to Defendant's Counterclaim for
trademark infringement; (3) grant Plaintiff's Motion as to
Defendant's Counterclaim for violations of Oregon Unlawful Trade
Practices Act (OUTPA), Or. Rev. Stat. § 646.605, *et seq.*;
(4) deny Plaintiff's Motion as to its affirmative defense of fair
use to Defendant's Counterclaim; (5) deny Plaintiff's Motion as
to its Second Cause of Action for a declaration that Plaintiff's
use of the registered trademark "prove-it!" is not a false
designation of origin; and (6) deny Plaintiff's Motion as to its
Third Cause of Action for cancellation of trademark registration.

Both Plaintiff and Defendant filed Objections to the
Magistrate Judge's Amended Findings and Recommendation.

On August 17, 2009, the Magistrate Judge also issued an
Opinion and Order (#115), a nondispositive order, denying

2 - ORDER

Defendant's Motion (#103) for Leave to Amend Opposition and File Motion to Dismiss. The Court, as discussed below, construes Defendant's August 27, 2009, letter as a timely objection to the Magistrate Judge's Opinion and Order.

These matters are now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 (a) and (b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation or any portion of a Magistrate Judge's nondispositive Order, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report or order. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988).

This Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendations that were not objected to by the parties. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)(rev'd on other grounds). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed *de novo* the legal principles of those portions of the Findings and Recommendations that were not objected to by the parties, the Court does not find any error.

3 - ORDER

## STANDARDS

### I.   Summary Judgment.

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id.*  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment.  *Jackson v. Bank of*

4 - ORDER

*Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990).  When the nonmoving
party's claims are factually implausible, that party must "come
forward with more persuasive evidence than otherwise would be
necessary."  *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th
Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir.
2005)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145,
1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense
determines whether a fact is material.  *Miller v. Glenn Miller
Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the
resolution of a factual dispute would not affect the outcome of
the claim, the court may grant summary judgment.  *Id.*

## II.  Trademark infringement.

"A successful trademark infringement claim . . . requires a
showing that the claimant holds a protectable mark, and that the
alleged infringer's imitating mark is similar enough to 'cause
confusion, or to cause mistake, or to deceive.'"  *Surfvivor
Media, Inc. v. Surfvivor Prod.*, 406 F.3d 625, 630 (9th Cir.
2005)(quoting *KP Permanent Make-Up, Inc. v. Lasting Impression I,
Inc.*, 543 U.S. 111, 116 (2004)).  "The critical determination is
'whether an alleged trademark infringer's use of a mark creates a
likelihood that the consuming public will be confused as to who
makes what product.'"  *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d
628, 632 (9th Cir. 2008)(quoting *Brother Records Inc. v. Jardine*,

318 F.3d 900, 908 (9th Cir. 2003)).

The Ninth Circuit employs the following eight-factor test (*Sleekcraft* factors) to determine the likelihood of confusion: "(1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of sight, sound and meaning; (4) evidence of actual confusion; (5) marketing channels; (6) type of goods and purchaser care; (7) intent; and (8) likelihood of expansion." *Jada Toys*, 518 F.3d at 632 (quoting *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979)). "The factors should not be rigidly weighed, but are only intended to guide the court." *Dreamwerks Prod. Group, Inc.*, 142 F.3d at 1129 (citing *Sleekcraft*, 599 F.2d at 348-49). In addition, "the test for likelihood of confusion is 'pliant,' and 'some factors are much more important than others.'" *Jada Toys*, 518 F.3d at 632 (quoting *Brookfield Commc'n, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1053-54 (9th Cir. 1999)).

## DISCUSSION

### I.   Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation.

Plaintiff contends the Magistrate Judge erred when she (1) recommended this Court deny summary judgment to Plaintiff as to its claim for a declaration of non-false designation of origin and (2) found two of the *Sleekcraft* factors favor Defendant.

6 - ORDER

**A.    Plaintiff's claim for non-false designation of origin.**

Plaintiff contends the Magistrate Judge erred when she recommended this Court deny summary judgment to Plaintiff as to its claim for a declaration of non-false designation of origin on the ground that the recommendation is inconsistent with the Magistrate Judge's recommendation that this Court grant summary judgment to Plaintiff on its claim of trademark noninfringement.

15 U.S.C. § 1125(a) provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any . . . false designation of origin . . ., which . . . is likely to cause confusion . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

The test for whether trademark infringement has occurred is identical to the test for whether false designation of origin has occurred. *Jada Toys*, 518 F.3d at 632. *See also Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988); *Brookfield*, 174 F.3d at 1046.

Although the Magistrate Judge did not separately address Plaintiff's claim for a declaration of non-false designation of origin, she did address whether a likelihood of confusion existed between the use of the phrase "prove it" on Plaintiff's t-shirts and Defendant's "prove it!" trademark.  As noted, after considering each of the *Sleekcraft* factors, the Magistrate Judge found two were neutral, four weighed in favor of Plaintiff, and

7 - ORDER

two weighed in favor of Defendant.  The Magistrate Judge found the factors that were most important were the ones favoring Plaintiff; namely, lack of strength of Defendant's mark, the lack of relatedness of the goods, the lack of similarity of the marks, and the lack of evidence of actual confusion.  Accordingly, the Magistrate Judge concluded there was not any triable issue of fact as to the likelihood of confusion between the two marks.

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court notes the *Sleekcraft* factors found by the Magistrate Judge to favor Plaintiff also are at the heart of the test for non-false designation of origin, and, therefore, the Court finds the Magistrate Judge erred when she denied summary judgment to Plaintiff on its claim for a declaration of non-false designation of origin.

**B.    *Sleekcraft* factors of similarity of marketing channels and good faith.**

Plaintiff contends the Magistrate Judge erred when she found the *Sleekcraft* factors regarding similarity of marketing channels and good faith weighed in Defendant's favor even though the findings do not change the outcome of the Magistrate Judge's decision, because, as noted, the Magistrate Judge found the *Sleekcraft* factors in favor of Plaintiff outweighed the factors in favor of Defendant.

**1.    Similarity of marketing channels.**

Although Plaintiff contends both parties rely on word-

8 - ORDER

of-mouth, Internet sites, sports-related retail stores, and the sponsorship of professional athletes and teams, the only overlap that exists between its marketing channels and those of Defendant are primarily in the Phoenix, Arizona, area, and, therefore, Plaintiff contends this factor should weigh in its favor.  Under *Surfvivor*, however, this factor weighs in favor of Defendant despite the fact that the geographic overlap in their marketing channels is minor.  *See* 406 F.3d at 634 (factor weighed in favor of the party whose products were primarily marketed in a single state).

The Magistrate Judge, viewing all of the facts in the light most favorable to Defendant as the nonmoving party, noted the parties had achieved differing degrees of success in their marketing, but both parties were essentially operating within the same marketing channels, and, therefore, this factor weighs in Defendant's favor.

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court agrees with the Magistrate Judge.  Accordingly, the Court does not find any error in the Magistrate Judge's Amended Findings and Recommendation as to this factor.

### 2.    Good faith.

This factor weighs against an alleged infringer who employs a mark with actual or constructive knowledge of its

trademarked status. *Surfvivor*, 406 F.3d at 634. Plaintiff contends there is not any evidence that it acted in bad faith when it used the phrase "prove it" on its merchandise. "'[W]here the alleged infringer[, however,] adopted his mark with knowledge, actual or constructive, that it was another's trademark,' resolution of this factor favors [the holder of the mark]." *Surfvivor*, 406 F.3d at 634 (quoting *Brookfield*, 174 F.3d at 1059).

The Magistrate Judge, viewing all of the facts in the light most favorable to Defendant as the nonmoving party, found Plaintiff acted with actual or constructive knowledge of the existence of Defendant's trademark when it used the "prove it" phrase on its merchandise because a simple trademark search would have revealed it was Defendant's trademark and because Defendant at one point contacted Plaintiff regarding a co-sponsorship with Reebok.

After reviewing the pertinent portions of the record *de novo* and Plaintiff's Objections, the Court agrees with the Magistrate Judge. Accordingly, the Court does not find any error in the Magistrate Judge's Amended Findings and Recommendation as to this factor.

## II. Defendant's Objections to the Magistrate Judge's Amended Findings and Recommendation.

Defendant contends the Magistrate Judge erred by (1) concluding certain *Skillcraft* factors did not weigh in

10 - ORDER

Defendant's favor and, as a result, granting summary judgment to Plaintiff as to its claim for a declaration of trademark noninfringement and as to Defendant's Counterclaim of trademark infringement and (2) granting summary judgment to Plaintiff as to Defendant's Counterclaim for violations of OUTPA.

### A.    Timeliness of Defendant's Objections.

Plaintiff contends this Court should strike Defendant's Objections to the Magistrate Judge's Amended Findings and Recommendation because the Objections were not timely filed. Defendant, however, asserts he timely filed his Objections to the Amended Findings and Recommendation because he mailed them on July 20, 2009.  Defendant has offered a photocopy of his receipt to demonstrate the date he mailed his Objections.

Unlike service on other parties, which may be effective upon placing the document in the mail, a filing with the Court does not occur until the document is received by the Clerk of Court. Fed. R. Civ. P. 5(d)(2).  *See also Ordonez v. Johnson*, 254 F.3d 814, 816 (9th Cir. 2001)(a complaint is filed when it is received by the clerk); *McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 101 (5th Cir. 1995)("[A] pleading is considered filed when placed in the possession of the clerk of court.").  The court has discretion to strike a late filing. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009)(citing *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008)(*en banc*)).

11 - ORDER

The record reflects Objections to the Amended Findings and Recommendation were due on July 20, 2009, but Defendant's Objections were not received by the Clerk of Court until July 22, 2009.   Accordingly, Defendant's Objections to the Amended Findings and Recommendation were not timely.

Although the Court agrees Defendant's Objections, nevertheless, fail to provide a basis for not adopting the Magistrate Judge's Amended Findings and Recommendation as discussed below.   Accordingly, in the exercise of its discretion, the Court concludes it is appropriate to consider the merits of Defendant's Objections.

**B.   The Magistrate Judge's findings as to the _Skillcraft_ factors that were neutral or favored Plaintiff.**

Defendant objects to the Magistrate Judge's findings that six of the _Skillcraft_ factors were neutral or weighed in favor of Plaintiff on the ground that Defendant's attorney, who has since withdrawn, had an alleged conflict of interest that resulted in his failure to file several exhibits in response to Plaintiff's summary-judgment motion.   Defendant asserts his attorney failed to file Exhibits A-J and Exhibits O and P, all of which are attached to Defendant's Objections.   The Court notes, however, that Defendant's Exhibits B, D, E, F, G, O, and P are all attached to the Supplemental Declaration of Jaime S. Rich, which was part of the record before the Magistrate Judge.   In addition, Exhibits H and I are attached to Defendant's Answer.   Thus, all

12 - ORDER

of the exhibits with the exception of Exhibit A, part of
Exhibit C, and Exhibit J were part of the record before the
Magistrate Judge.  Accordingly, any failure on the part of
Defendant's attorney to refile those exhibits was harmless.

With respect to Exhibit A, the Court notes it consists of
the Affidavits of Karen Maldenado, Susan Badger, and Ray Maxxy,
who each state they experienced actual confusion with respect to
the parties' products.  As noted, Exhibit A was not part of the
record before the Magistrate Judge on summary judgment.
Exhibit C, consisting of Bank of America Statements from
September 2003 to December 2007 is only partly represented in the
Supplemental Declaration of Jaime S. Rich, which includes only
bank records from 2005.  Defendant's Exhibit J is the Magistrate
Judge's Order on the Motion to Withdraw as Counsel of Record,
which the Court notes could not have been filed by Defendant's
attorney or considered by the Magistrate Judge when resolving
Plaintiff's summary-judgment motion because Defendant's counsel
withdrew after Plaintiff's summary-judgment motion was fully
briefed.  In addition, Exhibit J does not address the *Skillcraft*
factors.

Nevertheless, although Defendant contends the Magistrate
Judge would have concluded all of the *Skillcraft* factors weighed
in Defendant's favor if his attorney had filed the documents in
question, Defendant does not argue the Magistrate Judge's

13 - ORDER

findings with respect to the *Skillcraft* factors were erroneous on the record that was before her.

Plaintiff, in turn, argues all of the documents produced by Defendant in discovery were included as attachments to the Supplemental Declaration of Jaime S. Rich.  Plaintiff contends Exhibit A (the Affidavits of Maldenado, Badger, and Maxxy) and Exhibit C (the 2003-07 bank records) are inadmissible in any event because Defendant failed to produce them in discovery.  In fact, Plaintiff maintains the first time it saw Exhibit A and all of Exhibit C is when it received Defendant's Objections to the Magistrate Judge's Amended Findings and Recommendation. Plaintiff points out that the Court may exclude evidence that a party failed to produce during discovery.  *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003).

Defendant does not dispute Exhibits A and C were not produced during discovery.  According to Defendant, however, he provided them to his attorney who, in turn, failed to disclose them because of the attorney's alleged conflict of interest with respect to Plaintiff.  The conflict of interest allegedly arises from the fact that Defendant's former attorney had performed some legal work for Plaintiff on an unrelated matter about seven years earlier when he was part of another law firm.

### 1.    Defendant's Exhibit A.

As noted, Exhibit A consists of three affidavits from

14 - ORDER

individuals stating they experienced actual confusion between the
parties' products.  As noted, Defendant contends his attorney
should have produced these documents to Plaintiff, but did not
because of an alleged conflict of interest.

        The three affidavits that make up Exhibit A, however,
are not probative of whether a likelihood of confusion between
the two marks exists because a "handful of declarations . . .
submitted as evidence do not reliably indicate that [a product's]
trade dress is likely to confuse 'an appreciable number of
people.'"  *Hansen Beverage Co. v. Nat'l Beverage Corp.* 493 F.3d
1074, 1080-81 (9th Cir. 2007) *vacated on other grounds* by 499
F.3d 923 (9th Cir. 2007)(citing *Entrepreneur Media, Inc. v.
Smith*, 279 F.3d 1135, 1151 (9th Cir. 2002)(infringement exists
only when a mark is likely to "confuse an appreciable number of
people as to the source of the product").

        Moreover, the record reflects that in its June 19,
2008, Interrogatory No. 11 and its June 19, 2008, Request for
Production of Documents No. 18, Plaintiff requested Defendant,
who was not represented at that time, to provide detailed
descriptions of and any documents relating to any instances of
actual confusion between Defendant's trademark and any of
Plaintiff's goods or services.  In his July 14, 2008, response to
Plaintiff's Interrogatory No. 11, Defendant described one
instance of actual confusion between his trademark and

15 - ORDER

Plaintiff's goods that occurred at a Dick's Sporting Goods store, and he stated he would submit "an appreciable number of affidavits from a number of individuals establishing actual confusion." Defendant, however, did not produce any affidavits or other responsive documents establishing actual confusion during the discovery period. The record reflects Defendant's attorney filed his Notice of Appearance on December 15, 2008, well after Defendant answered Plaintiff's Interrogatory and Request for Production. Accordingly, Defendant was at least as responsible as his counsel for providing Plaintiff with the material contained in Exhibit A, because the affidavits that make up Exhibit A are encompassed by Plaintiff's discovery requests.

Accordingly, even if Defendant's attorney could have or should have submitted Exhibit A in response to Plaintiff's Motion for Summary Judgment, such an error would be harmless because it would not have affected the outcome of the *Sleekcraft* analysis.

### 2.    Defendant's Exhibit C.

As noted, Exhibit C, Defendant's 2000-07 bank records, was only partly represented in the record before the Magistrate Judge, who had Defendant's bank records from 2005.

With respect to the Magistrate Judge's analysis of the *Sleekcraft* factors, these additional bank records are relevant only to establish Defendant's sales from his trademark, a fact that can be important to determine strength of a trademark under

the *Sleekcraft* analysis. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1179 (9th Cir. 1988)(sales can help demonstrate trademark strength). The strength of a trademark determines the scope of protection to which it is entitled. *Entrepreneur Media*, 279 F.3d at 1141. "This 'strength' of the trademark is evaluated in terms of its conceptual strength and commercial strength." *Goto.com*, 202 F.3d at 1207. With respect to conceptual strength,

> the strongest marks--that is, those which
> receive the maximum trademark protection--are
> "arbitrary" or "fanciful." The weakest
> marks, entitled to no trademark protection,
> are "generic." In between lie "suggestive"
> and "descriptive" marks; suggestive marks
> have the greater strength of the two.

*Entrepreneur Media*, 279 F.3d at 1141 (internal citations omitted). Commercial strength may be demonstrated by commercial success, extensive advertising, length of exclusive use, and public recognition. *M2 Software, Inc. v. Madacy Entm't, Inc.*, 421 F.3d 1073, 1081 (9th Cir. 2005). In addition, "a suggestive or descriptive mark, which is conceptually weak, can have its overall strength as a mark bolstered by its commercial success." *Id*. A "lack of commercial strength[, however,] cannot diminish the overall strength of a conceptually strong mark so as to render it undeserving of protection." *Id*.

"A suggestive mark conveys an impression of a good but requires the exercise of some imagination and perception to reach

17 - ORDER

a conclusion as to the product's nature." *Brookfield*, 174 F.3d at 1058 n.19 (citation omitted).  "Arbitrary . . . marks have no intrinsic connection to the product with which the mark is used . . . [and] consist[] of words commonly used in the English language." *Id.* (citation omitted).

The Magistrate Judge concluded Defendant's trademark was either suggestive or arbitrary on the scale of conceptual strength, but was commercially weak, and, therefore, found this *Sleekcraft* factor weighed in favor of Plaintiff.

The Court concludes the Magistrate Judge did not err to the extent she found Defendant's mark was arbitrary.  The Magistrate Judge correctly concluded Defendant's trademark does not have any intrinsic connection to the products Defendant sells and is made up of commonly used words that require an inferential step to associate it with Defendant's products.  Accordingly, Defendant's mark is arbitrary, and, therefore, is a strong mark. *Id.*

The Magistrate Judge did err, however, when she found the commercial weakness of Defendant's trademark eroded its conceptual strength because although the commercial success of a trademark can bolster a trademark's strength, a lack of commercial success does not weaken a strong mark.  *See M2 Software*, 421 F.3d at 1081.  Accordingly, the commercial success of Defendant's trademark is of little relevance in determining

18 - ORDER

its overall strength because it is conceptually strong in any event. *Id.* Defendant's complete 2003-07 bank records, which impact the *Sleekcraft* analysis only in terms of showing trademark strength through commercial success, therefore, do not add anything to the analysis.

Accordingly, even if Defendant's attorney could or should have submitted Exhibit C in response to Plaintiff's Motion for Summary Judgment, such an error would be harmless.

Nonetheless, even though the Court has concluded the Magistrate Judge erred with respect to her finding as to the strength of Defendant's trademark and, therefore, also erred when she found this *Sleekcraft* factor weighed in Plaintiff's favor, the Court concludes this factor, although weighing in Defendant's favor, does not tip the overall balance of the *Sleekcraft* factors in Defendant's favor. The strength of the trademark is not as important as the other *Sleekcraft* factors in this context because even though Defendant's mark is conceptually strong, "the ultimate question posed by the *Sleekcraft* analysis [is] the likelihood of confusion as to the source of the the product." *M2 Software*, 421 F.3d at 1081. Here the Magistrate Judge concluded the respective market presence and trademark recognition of the parties greatly impaired any likelihood of confusion between the origin of the parties' products because Plaintiff always included its own identifying trademarks to establish the source of its

19 - ORDER

Plaintiff's Motion for Summary Judgment.  Regardless of the
untimeliness of Defendant's assertion or whether Defendant has
standing as a consumer of Plaintiff's products to bring a
Counterclaim, the Court agrees with the Magistrate Judge that
Defendant has not adequately stated claims for unfair competition
in violation of OUTPA.  The standard for analyzing such a claim
is the same as that for analyzing a claim arising under § 1125(a)
for infringement, and the gravamen of both is "whether the
[plaintiff] has created a 'likelihood of confusion.'"  *Shakey's
Inc. v. Covalt*, 704 F.2d 426, 431 (9th Cir. 1983)(citing 15
U.S.C. § 1125(a) and Or. Rev. Stat. § 646.608, *et seq.*).  *See
also Starbucks Corp. v. Lundberg*, No. 02-CV-948, WL 3183858, at
*13 (D. Or. Nov. 29, 2005)("Claims that arise under [§ 646.608,
*et seq.*] for trademark infringement are analyzed using the same
tests applied to trademark infringement claims under
§ 1125(a).").

    This Court has already concluded the Magistrate Judge did
not err when she found in her analysis of the *Sleekcraft* factors
that there was no likelihood of confusion between Plaintiff's use
of the phrase "prove it!" and Defendant's trademark and when she
recommended this Court grant summary judgment to Plaintiff as to
its claim for a declaration of noninfringement and as to
Defendant's Counterclaim for infringement.  Thus, based on the
same analysis and after reviewing the pertinent portions of the

21 - ORDER

record *de novo* and Defendant's Objections, the Court does not find any error in the Magistrate Judge's findings as to Defendant's lack of standing to bring a claim under OUTPA and, therefore, as to her recommendation that this Court grant summary judgment to Plaintiff as to Defendant's Counterclaim under OUTPA.

## III. Defendant's Objections to the Magistrate Judge's August 17, 2009, Opinion and Order.

On August 17, 2009, the Magistrate Judge issued an Opinion and Order in which she denied Defendant's Motion for Leave to Amend Opposition and File Motion to Dismiss.

### A.   Defendant's Motions to Strike.

On August 25, 2009, Defendant sent this Court a letter (#12) in which he stated he was "seeking clarification from the Court" and "objected to these findings" in the Magistrate Judge's August 17, 2009, Opinion and Order.  Accordingly, the Court construed Defendant's August 25, 2009, letter as a timely Objection to the Magistrate Judge's August 17, 2009, Opinion and Order.  In an August 28, 2009, Order, this Court directed the Clerk of Court to file Defendant's August 25, 2009, letter as an Objection and instructed Defendant to serve a copy of all filings on Plaintiff's counsel.  The Court then received a second letter from Defendant dated August 27, 2009, in which Defendant requested this Court to disregard his August 25, 2009, letter. Defendant's August 27, 2009, letter did not include a certificate of service.

22 - ORDER

On September 2, 2009, Defendant filed a Motion to Strike (#121) his August 25, 2009, letter in which he requested this Court to strike the August 25, 2009, letter and replace it with the August 27, 2009, letter.  On September 9, 2009, Plaintiff indicated it did not object to Defendant's September 2, 2009, Motion to Strike.

On September 15, 2009, Defendant filed another Motion to Strike (#124) in which he requests this Court to strike all of the September 2, 2009, Motion to Strike except for Exhibit H attached thereto because the Court had filed an incomplete copy of his Motion that did not include Exhibit H.  On September 22, 2009, Plaintiff indicated it did not object to Defendant's September 15, 2009, Motion to Strike to the extent Defendant was requesting the Court to strike a portion of its earlier Motion.

It appears to the Court that Defendant is requesting the Court to amend his September 2, 2009, Motion to Strike to include Exhibit H[1] because Exhibit H was inadvertently omitted and requests the Court to consider "all of the evidence in . . . his complete copy of his Motion (Doc. 121) [the September 2, 2009, Motion]."  The Court notes, however, that Exhibit H was included with Defendant's September 2, 2009, Motion.  To the extent Plaintiff's September 15, 2009, Motion to Strike is a request to

_____

    [1] The Court notes this Exhibit H is not the same document as Defendant's Exhibit H filed with his Objections to the Magistrate Judge's Findings and Recommendations.

23 - ORDER

add Exhibit H, therefore, the Court concludes it is moot.

Because Plaintiff does not object to Defendant's September 2, 2009, Motion to Strike and because Defendant's August 25, 2009, letter is substantially the same as his August 27, 2009, letter, the Court grants Plaintiff's September 2, 2009, Motion to Strike and will construe Plaintiff's August 27, 2009, letter as Plaintiff's Objections to the Magistrate Judge's August 17, 2009, Opinion and Order.

**B.   Defendant's August 27, 2009, Objections.**

Defendant's Motion for Leave to Amend Opposition and File Motion to Dismiss and his Objections to the Magistrate Judge's August 17, 2009, Opinion and Order were premised on the same grounds as his Objections to the Magistrate Judge's Findings and Recommendation:  that his former attorney had a conflict of interest that resulted in his failure to file certain evidence. The Magistrate Judge denied Defendant's Motion on the ground that Defendant had not shown any conflict of interest existed. Moreover, the Magistrate Judge noted any conflict of interest on the part of Defendant's former attorney was more likely to be prejudicial to Plaintiff because the attorney could have gained access to information that was prejudicial to Plaintiff in this matter during the course of his prior representation of Plaintiff.  As noted, the Magistrate Judge also concluded part of the evidence identified by Defendant was before the Magistrate

Judge when she considered Plaintiff's Motion for Summary Judgment and Defendant's Counterclaim and part of the evidence was not produced in discovery and, therefore, was inadmissible in any event.

As already discussed by this Court with respect to Defendant's Objection to the Magistrate Judge's Amended Findings and Recommendation and after reviewing the pertinent portions of the record *de novo* and Defendant's Objections, the Court does not find any error in the Magistrate Judge's Opinion and Order issued August 17, 2009.

## CONCLUSION

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Stewart's Amended Findings and Recommendations (#101). Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion (#42) for Summary Judgment as follows:

1.   **GRANTS** Plaintiff's Motion as to its First Cause of Action for a declaration of noninfringement of a registered trademark;

2.   **GRANTS** Plaintiff's Motion as to its Second Cause of Action for a declaration of non-false designation of origin;

3.   **DENIES** Plaintiff's Motion as to its Third Cause of Action for cancellation of trademark registration;

4.   **GRANTS** Plaintiff's Motion as to Defendant's First

25 - ORDER

Counterclaim for trademark infringement;

    5.   **GRANTS** Plaintiff's Motion as to Defendant's Second Counterclaim for violations of OUTPA; and

    6.   **DENIES as moot** Plaintiff's Motion as to its fair use defense.

    In addition, the Court **AFFIRMS** Magistrate Judge Stewart's August 17, 2009, Opinion and Order (#115).

    IT IS SO ORDERED.

    DATED this ____ day of October, 2009.


ANNA J. BROWN
United States District Judge

26 - ORDER