FILED'09 NOV 16 16:35 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADIDAS AMERICA, INC.,                      08-CV-91-ST

       Plaintiff,                             ORDER

v.

MICHAEL CALMESE,

       Defendant.

DAVID K. FRIEDLAND
JAIME S. RICH
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

STEPHAN M. FELDMAN
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

       Attorneys for Plaintiff

1 - ORDER

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

    Defendant, *Pro Se*

**BROWN, Judge.**

  This matter comes before the Court on Defendant Michael Calmese's Objections to the October 7, 2009, nondispositive Opinion and Order (#134) issued by Magistrate Judge Janice M. Stewart in which she denied Defendant's Motion (#126) for Leave to File Federal Taxes to Supplement the record of and to "reopen" Plaintiff adidas America, Inc.'s Motion (#42) for Summary Judgment and Defendant's October 28, 2009, Motion (#145) for Reconsideration of this Court's Order issued October 8, 2009, adopting with modifications the Magistrate Judge's Amended Findings and Recommendation.

  For the reasons that follow, the Court **AFFIRMS** Magistrate Judge Stewart's October 7, 2009, nondispositive Opinion and Order.  In addition, the Court **GRANTS** Defendant's Motion for Reconsideration and, after reviewing the record, **ADHERES** to its Order issued October 8, 2009.


**STANDARDS**

I. **Objections to a Magistrate Judge's nondispositive order.**

  When any party objects to any portion of a magistrate

judge's nondispositive order, the district court must make a *de novo* determination of that portion of the order. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

**II. Motion for Reconsideration.**

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

Whether to grant or to deny a motion under Rule 60(b) is within the district court's discretion. *Community Dental Serv. v. Tani*, 282 F.3d 1164, 1167 n.7 (9th Cir. 2002). "[T]he plaintiff must show that the district court committed a specific error." *Straw*, 866 F.2d at 1172. *See also Kingvision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F3d 347, 350 (9th Cir. 1999).

## DISCUSSION

**I. Defendant's Objections to the Magistrate Judge's October 7, 2009, nondispositive Opinion and Order.**

On September 15, 2009, Defendant filed a Motion for Leave to File Federal Taxes to Supplement the record of and to "reopen" Plaintiff's Motion for Summary Judgment. Defendant requested

3 - ORDER

permission to supplement the summary-judgment record with his tax returns from 2002-07. The Magistrate Judge denied Defendant's Motion on the ground that the Court ordered Defendant on August 25, 2008, to produce his tax returns by September 28, 2008, and he failed to do so or to ask the Court for additional time to do so. The Magistrate Judge noted Defendant's 2006-07 tax returns were, in any event, already part of the summary-judgment record, and the availability of those tax returns undermined Defendant's credibility when he asserted his 2002-07 tax returns were not available to him until September 10, 2009.

On October 13, 2009, Defendant timely filed Objections to the Magistrate Judge's nondispositive Opinion and Order.

Defendant objects to the Magistrate Judge's Opinion and Order on the ground that the Magistrate Judge improperly determined the availability of Defendant's 2006-07 tax returns cast doubt on his credibility generally. Defendant explains the discrepancy as a clerical error: He meant to state that he had received his 2002-05 tax returns on September 10, 2009, and his 2006-07 returns on August 11, 2009. The Magistrate Judge, however, did not deny Defendant's Motion based on his credibility but on the grounds that the tax returns were not produced by the discovery deadline, see Zhang v. American Gem Seafoods, Inc., 339 F.3d 1020, 1028 (9th Cir. 2003), and, in any event, those returns only confirmed evidence already in the record. In addition, the

4 - ORDER

Court notes this evidence would only impact the Court's summary-judgment analysis under *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), in terms of showing trademark strength through commercial success, which the Court already determined in its October 8, 2009, Order (#136) weighed in Defendant's favor.  Thus, there is not any prejudice to Defendant that the Magistrate Judge did not allow this material to be considered.

Defendant also objects to the Magistrate Judge's Opinion and Order on the ground that the Magistrate Judge used lower-case letters to describe Defendant's trademark.  The presentation of Defendant's trademark, however, was not the basis for the Magistrate Judge's conclusion that the marks were not similar nor was the presentation of Defendant's trademark even considered by the Magistrate Judge when she denied Defendant's Motion.  This Court's review of the Magistrate Judge's decision is limited to the issues addressed by the Magistrate Judge.  *See* 28 U.S.C. § 636(b).

Defendant also requests that he be permitted to supplement and to reopen the summary-judgment record on the ground that Plaintiff intentionally misrepresented to the Court that two invoices dated September 15, 2004, and October 1, 2004, were not produced by Defendant in discovery.  Defendant argues that because Plaintiff attached these two invoices to the January 20,

5 - ORDER

2009, and February 20, 2008, Declarations of Jamie S. Rich, one of Plaintiff's attorneys, it follows that Defendant did, in fact, produce these invoices during discovery. The Court, however, notes Plaintiff did not assert Defendant failed to produce the invoices, but only that the invoices were untimely produced by Defendant on January 14, 2008, after the close-of-discovery date of December 10, 2008. Thus, Plaintiff's attachment of the invoices to its later-filed Supplemental Declaration does not refute their untimely production and is not inconsistent with Plaintiff's assertion. Moreover, it does not appear the Magistrate Judge considered these invoices when she denied Defendant's Motion, and, as noted, the Court's review of the Magistrate Judge's decision is limited the issues addressed by the Magistrate Judge. *See* 28 U.S.C. § 636(b).

**II. Defendant's Motion for Reconsideration of this Court's October 8, 2009, Order adopting with modifications the Magistrate Judge's Amended Findings and Recommendation.**

Defendant moves this Court to reconsider its October 8, 2009, Order adopting with modifications the Magistrate Judge's Amended Findings and Recommendation on the grounds that this Court erred by (1) not conducting a *de novo* review of the record; (2) finding Defendant objected to the Magistrate Judge's Amended Findings and Recommendation as erroneous based on evidence not before the Magistrate Judge at summary judgment; (3) not charging Plaintiff with perjury; (4) finding that Exhibit C to Defendant's

Objections to the Magistrate Judge's Amended Findings and Recommendation was not produced during discovery; (5) finding that Plaintiff always included its own identifying trademarks on its products carrying the slogan at issue; and (6) concluding Defendant lacks standing to bring a counterclaim under Oregon Uniform Trade Practices Act (OUTPA), Oregon Revised Statute § 646.608, *et seq*. In addition, Defendant again takes issue with the Court's use of lower-case letters to describe Defendant's trademark.

### A. Whether this Court conducted a *de novo* review of the record.

Defendant contends this Court did not conduct a *de novo* review of the record with respect to his Objections as required by 28 U.S.C. § 636(b)(1) on the ground that the United States District Court for the District of Arizona in its October 16, 2008, Opinion and Order in *Calmese v. Nike, Inc.*, No. 06-CV-1959, decided on the same record that the "relatedness of the goods" *Sleekcraft* factor weighed in Defendant's favor.[1] The Court notes

---

[1] Defendant states the Arizona Opinion and Order was attached as Exhibit E to his Response to Opposition to Defendant's Motion for Leave to File Federal Taxes (#133). Exhibit E to that document, however, is a September 8, 2009, Order in the *Calmese v. Nike* matter in which the Arizona District Court denied Defendant's Motion for Reconsideration (Defendant was the plaintiff in the Arizona case). In that Motion, Defendant requested the Arizona court to reconsider its ruling to dismiss his Complaint against Nike for trademark infringement. The Court has conducted a search of online legal databases and is unable to locate the October 16, 2008, Opinion and Order to which Defendant refers.

7 - ORDER

Plaintiff was not a party to the Arizona proceedings, and, therefore, the likelihood of confusion between the products of Plaintiff and Defendant was not at issue in that matter.

The Court has reviewed the record *de novo* and adheres to its October 8, 2009, Order with respect to this *Sleekcraft* factor.

### B. Whether the Court erred when it found Defendant objected to the Magistrate Judge's findings as erroneous based on evidence not before the Magistrate Judge.

In its October 8, 2009, Order, this Court found Defendant objected to the Magistrate Judge's Amended Findings and Recommendation on the ground that the Magistrate Judge should have considered evidence that was not before her.

In his Objections to the Magistrate Judge's Amended Findings and Recommendation, Defendant argues he provided evidence to his attorney that would have been before the Magistrate Judge if his attorney had properly submitted it. According to Defendant, the Magistrate Judge would have concluded all of the *Sleekcraft* factors weighed in his favor if this evidence had been before her. Defendant also asserts he provided "several other reasons" in his Objections for arguing the Magistrate Judge's findings were erroneous, but he does not identify those additional reasons except for those addressed herein.

The Court has reviewed Defendant's Objections and adheres to its earlier conclusion that the gravamen of Defendant's concern

with respect to the Magistrate Judge's Amended Findings and Recommendations was that his attorney failed to submit evidence that Defendant believed would have resulted in a ruling favorable to him. As explained in this Court's October 8, 2009, Order and in this Order, most of this evidence was actually in the record considered by the Magistrate Judge and the remainder was either not relevant or not admissible on the ground that it had not been timely provided to Plaintiff by Defendant.

On this record, the Court adheres to its Order issued October 8, 2009, with respect to the scope of Defendant's Objections to the Magistrate Judge's Findings and Recommendation.

### C. Whether this Court should have found Plaintiff committed perjury.

Defendant contends the Court erred because it should have "charged Plaintiff with perjury" on the ground that Plaintiff stated Defendant did not timely produce requested documents.

Defendant's contention here is identical to his assertion of error with respect to the Magistrate Judge's finding in her October 7, 2009, Opinion and Order regarding the untimeliness of Defendant's production of documents. As noted, Plaintiff's attachment of the documents at issue to the Supplemental Declaration of Jamie S. Rich does not refute Defendant's untimely production.

### D. Whether Defendant produced Exhibit C during discovery.

Defendant contends this Court erred when it found Exhibit C

to Defendant's Objections to the Magistrate Judge's Amended

Findings and Recommendation, which consisted of Defendant's 2000-07 bank records, was not produced during discovery.

Defendant misunderstands what it means to produce a document during discovery. Production of documents requires a party to timely provide documents before the deadline for discovery expires, which did not occur here. *See* Fed. R. Civ. P. 26. This Court found Defendant only produced his 2005 bank records during discovery.

In any event, this Court found in its October 8, 2009, Order that Defendant's bank records were not relevant to the Magistrate Judge's infringement analysis because even though the commercial success of a trademark is an indicator of its strength, a lack of commercial success cannot weaken a strong trademark such as Defendant's arbitrary mark. *See M2 Software v. Madacy Entm't, Inc.*, 421 F.3d 1073, 1081 (9th Cir. 2005). Defendant's 2000-07 bank records give rise to an inference that Defendant enjoyed at least some commercial success, but the Magistrate Judge's failure to consider all of the bank records was not ultimately prejudicial to Defendant because, as noted, this Court concluded in its October 8, 2009, Order that the Magistrate Judge erred when she concluded a lack of commercial success eroded the strength of Defendant's mark.

10 - ORDER

The Court, therefore, adheres to its ruling with respect to the Defendant's failure to produce Exhibit C during discovery.

### E. Whether Plaintiff's identifying mark always accompanied the use of Defendant's trademarked phrase.

Defendant contends this Court erred when it adopted the Magistrate Judge's finding that Plaintiff always used its own identifying trademark when it employed Defendant's trademarked phrase ("PROVE-IT!"), and, therefore, any likelihood of confusion between the parties' products was greatly reduced.

Without identifying any specific part of the record, Defendant asserts Plaintiff's use of Defendant's trademarked phrase is not always accompanied by Plaintiff's own trademark. After reviewing Defendant's Objections to the Magistrate Judge's Amended Findings and Recommendations, the Court concludes Defendant apparently is referring to Exhibits H and I attached to his Objections.

Exhibit H consists of photocopies of two receipts from two sporting-goods stores and lists merchandise purchased as "ADID PROVE IT" and "PROVE IT." Even though these receipts are not authenticated by affidavit or declaration,[2] Defendant contends

---

[2] The first of these receipts from Academy Sports and Outdoor is also attached to the Affidavit of Susan Badger, one of the "affidavits of actual confusion." As noted by the Court in its October 8, 2009, Order, however, these Affidavits were not timely produced during discovery, and, moreover, the Court already has concluded they are not admissible or relevant. Exhibit H, consisting of the two unauthenticated receipts, was part of the record before the Magistrate Judge.

they document sales of Plaintiff's merchandise, and Defendant appears to argue that the receipts are examples of his trademark being used by Plaintiff without inclusion of its own trademark. Although this use of the phrase "PROVE IT" on the receipt is similar to Defendant's mark, it is not his actual trademark. In any event, there is not any evidence in the record that establish Plaintiff rather than the sporting-goods store was responsible for using the phrase on the receipts.

Exhibit I consists of photocopies of a price tag and the front and back of a garment hang tag. Defendant contends these tags were together on one of Plaintiff's garments. The hang tags bear Plaintiff's trademark, but do not include Defendant's trademarked phrase. Defendant appears to argue that the price tag, which does not include Plaintiff's logo, is another example of Plaintiff including Defendant's trademark without its own trademark. Although the phrase on the price tag is Defendant's trademarked phrase, it is not his actual trademark. In addition, there is not any evidence that Plaintiff rather than the sporting-goods store was responsible for using the phrase on the price tag. Moreover, because the tags were together on the garment, the phrase at issue on the price tag appeared alongside Plaintiff's trademark on the hang tag.

On this record, the Court adheres to its Order issued

12 - ORDER

October 8, 2009, with respect to Plaintiff's display of its own trademark when it employed the phrase at issue.

### F. Whether Defendant has standing to bring a counterclaim against Plaintiff under OUTPA.

Defendant contends this Court erred when it concluded Defendant did not have standing to bring a claim under OUTPA because he did not provide any evidence that he was a consumer of Plaintiff's products entitled to protection under that statute. Although Defendant did not provide such evidence at summary judgment, Defendant now contends he was at all times pertinent to this case a consumer of Plaintiff's products. As the Court noted in its October 8, 2009, Order, however, Plaintiff would be entitled to summary judgment on Defendant's Counterclaim under OUTPA even if Defendant had offered admissible evidence at summary judgment that he was a consumer of Plaintiff's products at all times pertinent to this case.

The standard for evaluation of Defendant's Counterclaim is the same as the standard for evaluation of a claim of infringement arising under 15 U.S.C. § 1125. Both claims turn on the question "whether [Plaintiff] created a likelihood of confusion." *See Shakey's Inc. v. Covalt*, 704 F.2d 426, 431 (9th Cir. 1983)(citing 15 U.S.C. § 1125(a) and Or. Rev. Stat. § 646.608, *et seq.*). *See also Starbucks Corp. v. Lundberg*, No. 02-CV-948, WL 3183858, at *13 (D. Or. Nov. 29, 2005)("Claims that arise under [§ 646.608, *et seq.*] for trademark infringement

13 - ORDER

are analyzed using the same tests applied to trademark infringement claims under § 1125(a)."). This Court has already concluded Plaintiff has not created a likelihood of confusion with respect to the parties' products.

The Court, therefore, adheres to its Order issued October 8, 2009, that Defendant does not have standing to bring an OUTPA claim against Plaintiff, and, in any event, is not entitled to relief under OUTPA.

### G. Whether the Court's use of lower-case letters to describe Defendant's trademark was prejudicial to Defendant.

Defendant asserts the Court erred when it represented that Plaintiff's use of Defendant's mark was in lower-case letters and when the Court used lower-case letters to describe Defendant's trademark.

The Court notes even though the Magistrate Judge sometimes reproduced Defendant's trademark in lower-case letters, she noted in her Amended Findings and Recommendation that it was displayed in all upper-case letters on Plaintiff's products. Moreover, the Magistrate Judge found the parties' marks were dissimilar on the ground that Plaintiff's use of the phrase was always accompanied by Plaintiff's own distinctive logo. Accordingly, the Magistrate Judge's occasional rendering of the phrase "in all lower-case letters" was not prejudicial to Defendant because it did not

constitute the basis for her conclusion that the marks were not similar.

Although this Court also used lower-case letters to describe Defendant's mark in its October 8, 2009, Order, the Court based its conclusion on Defendant's Objections, the gravamen of which was whether Exhibits A-J and Exhibits O and P to Defendant's Objections should be made a part of the record on summary judgment if they were not a part of the record already. The Court determined all of these Exhibits except for Exhibit A and part of Exhibit C were a part of the record that was before the Magistrate Judge. These exhibits and the Court's discussion of their relevance to the infringement analysis do not touch on whether the parties' marks are similar. Accordingly, this Court's rendering of the phrase "in lower-case letters" was not prejudicial to Defendant because that characteristic was not the basis of the Court's conclusion.

The Court, therefore, adheres to its October 8, 2009, Order with respect to similarity of the marks.

## CONCLUSION

For these reasons, the Court **AFFIRMS** Magistrate Judge Stewart's October 7, 2009, nondispositive Opinion and Order (#134). In addition the Court **GRANTS** Plaintiff's Motion (#145)

15 - ORDER

for Reconsideration and, after reviewing the record, **ADHERES** to its Order issued October 8, 2009.

IT IS SO ORDERED.

DATED this 10th day of November, 2009.

_____
ANNA J. BROWN
United States District Judge

16 - ORDER