Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

David K. Friedland (admitted *pro hac vice*)
dkfriedland@lfiplaw.com
Jaime S. Rich (admitted *pro hac vice*)
jrich@lfiplaw.com
Lott & Friedland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone:  305.448.7089
Facsimile:  305.446.6191

Attorneys for Plaintiff and Counterclaim Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation,<br><br>　　　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>**MICHAEL D. CALMESE**, a resident of Arizona,<br><br>　　　　Defendant and Counterclaimant. | No.  CV08-0091 ST<br><br>**RESPONSE TO DEFENDANT'S SECOND OPPOSED MOTION FOR RECONSIDERATION**<br><br>By Plaintiff/Counter-Defendant adidas America, Inc. |

1- RESPONSE TO DEFENDANT'S SECOND OPPOSED MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiff/counter-defendant adidas America, Inc. ("adidas" or "Plaintiff") respectfully submits this response to the Second Opposed Motion for Reconsideration (the "Second Reconsideration Motion") (Doc. No. 160), which was filed by defendant/counterclaimant Michael D. Calmese ("Calmese" or "Defendant") on November 25, 2009.

## I.   DISCUSSION

Despite the absence of any new evidence or any change in the controlling law, Calmese has moved this Court to reconsider its Order dated November 16, 2009 (Doc. No. 155), which itself concerned a motion for reconsideration filed by Calmese.[1] The Second Reconsideration Motion filed by Calmese has no more merit than the unsuccessful reconsideration motion that he initially filed; in fact, Calmese's latest reconsideration motion is utterly frivolous.

In his Second Reconsideration Motion, Calmese makes three arguments:  (1) that "[t]his Court [s]till has not conducted a complete de novo review of the record by not reviewing the Arizona District Court October 16, 2008 Opinion and Order in the matter Michael D. Calmese v. Nike 06-cv-1959;" (2) that the Court erred by finding that Calmese "only produced his 2005 bank records during discovery;" and (3) that if Calmese is correct that there exists a likelihood of confusion between his purported trademark and adidas's use of the descriptive phrase "Prove It," then Calmese would have standing to assert a claim against adidas under the Oregon Unlawful Trade Practices Act (the "OUTPA").  *See* Second Reconsideration Motion, at 2-5.  None of these arguments have merit.

As an initial matter, it should be noted that motions for reconsideration are disfavored. *See adidas America, Inc. v. Payless ShoeSource, Inc.*, 540 F. Supp.2d 1176, 1180 (D. Or. 2008) ("Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier.").  Indeed, the Ninth Circuit has made

---

[1] At the root of both of Calmese's motions for reconsideration is a challenge to this Court's decision to adopt Magistrate Judge Stewart's recommendation that summary judgment be granted in favor of adidas on its claim for a declaration of non-infringement of Calmese's purported trademark "PROVE IT!" (and the Court's corresponding decision to grant summary judgment in favor of adidas on Calmese's claim for trademark infringement).

2-   RESPONSE TO DEFENDANT'S SECOND OPPOSED
     MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

clear that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, there is no basis for reconsideration, much less the type of exceptional circumstances that would warrant the Court altering a summary judgment decision it already has made *three times* (once by Judge Stewart and twice by Judge Brown). There are no new facts, the law has not changed, and the Court's three prior decisions on the issue of alleged infringement by adidas all were correct.

**A.     The October 16, 2008 Order From the *Calmese v. Nike* Case Is Irrelevant and, In Any Event, It Already Has Been Considered**

The primary argument raised by Calmese in his Second Reconsideration Motion is that this Court has failed to take into consideration an Order dated October 16, 2008, which was entered by the United States District Court for the District of Arizona in the case of *Michael Calmese v. Nike, Inc.*, No. CV-06-01959-PHX-ROS (hereinafter, the "Calmese/Nike case"),[2] and that had the Court considered that Order, it would have concluded that the "relatedness of the goods" *Sleekcraft* factor weighed in favor of Calmese, not adidas.[3] This argument fails on multiple levels.

As a preliminary matter, it is of note that in the October 16, 2008 Order, the Arizona district court *granted* Nike's motion for summary judgment, finding that, as a matter of law, there was no likelihood of confusion between Calmese's purported PROVE IT! trademark and Nike's

---

[2] A copy of the October 16, 2008 Order from the Calmese/Nike case is attached as Exhibit A to Calmese's Second Reconsideration Motion.

[3] As the Court is well aware, the so-called "*Sleekcraft* factors" are the eight factors set forth in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 348-49 (9th Cir. 1979), which are to be considered in determining whether a likelihood of consumer confusion exists as between a trademark and an allegedly infringing mark. One of the *Sleekcraft* factors is "proximity of the goods." *Id.* at 348.

3-   RESPONSE TO DEFENDANT'S SECOND OPPOSED MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

use of the descriptive phrase "Prove It." This is exactly the same conclusion reached by the Court in the instant case.

Moreover, and contrary to Calmese's assertion, this Court has considered the October 16, 2008 Order entered in the Calmese/Nike case.[4] In fact, that Order was formally made a part of the summary judgment record. Specifically, it was attached as Exhibit Q to the Declaration of Jaime S. Rich (Doc. No. 44), which was filed by adidas on November 19, 2008, in support of adidas's motion for summary judgment.

The sum total of Calmese's argument regarding the October 16, 2008 Order is that because the Arizona court in the Calmese/Nike case found that the "relatedness of the goods" *Sleekcraft* factor favored Calmese, this Court must reach the same conclusion. Calmese specifically states:

> [H]ow can Defendant Calmese lose this factor in the Oregon District Court when Calmese won this very same Sleekcraft Factor in the Arizona District Court based on the very same "law" that should be applied in this matter? Defendant Calmese should rightfully and legally be awarded the Sleekcraft Factor for Relatedness of Goods as a matter of law simply because the same laws apply to all of the District Courts throughout the entire United States of America.

Second Reconsideration Motion, at 4. Ignoring the fact that the October 16, 2008 Order of the Arizona district court is not controlling precedent in this case, as well as the fact that the Arizona district court entered summary judgment *against* Calmese via the October 16, 2008 Order, as well as the fact that this Court already has considered the October 16, 2008 Order, Calmese simply fails to recognize that lawsuits are fact specific and that, accordingly, a fact-based conclusion from one case cannot automatically be extended to a different case.[5]

---

[4] In his Second Reconsideration Motion (on page 4), Calmese expressly states: "Thus, there is prejudice to Defendant because Magistrate Judge Stewart and Honorable Judge Anna Brown have not reviewed or even considered the October 16, 2008 Opinion and Order issued by United States District Judge Roslyn O. Silver . . . ."

[5] Indeed, under Calmese's (faulty) logic, this Court also would need to revise its findings with regard to those *Sleekcraft* factors that weighed in favor of Calmese in this case, but which weighed against Calmese in the Calmese/Nike case (e.g., similarity of marketing channels and good faith).

4-   RESPONSE TO DEFENDANT'S SECOND OPPOSED
     MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

As this Court correctly observed in its latest Order, adidas "was not a party to the Arizona proceedings, and, therefore, the likelihood of confusion between the products of [adidas] and [Calmese] was not at issue in that matter." *See* November 16, 2009 Order, at 8. It is simply irrelevant that the Arizona court decided that the "relatedness of the goods" factor weighed in favor of Calmese in a suit involving a product completely distinct from and unconnected to the adidas t-shirts at issue in this case. This is especially true in light of this Court's rationale for concluding that the "relatedness of the goods" factor weighs in favor of adidas in this case – i.e., because "[t]he standard for deciding whether the parties' goods or services are related is whether customers are likely to associate the two product lines[,]" *see* Amended F&R (Doc. No. 101), at 17 (internal quotation marks omitted), and because, here, no such association is likely given that adidas predominantly displayed (in multiple locations) two highly-recognizable adidas trademarks on all of the t-shirts at issue. *See id.*; *see also* Order adopting Amended F&R (with slight modification) (Doc. No. 138), at 19-20 ("Here the Magistrate Judge concluded the respective market presence and trademark recognition of the parties greatly impaired any likelihood of confusion between the origin of the parties' products because [adidas] always included its own identifying trademarks to establish the source of its products."); *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) (similarity between marks negated when accompanied by distinctive logo).

In short, Calmese's latest attempt to undo the summary judgment ruling that has been made (and twice confirmed) is as equally meritless as his prior attempts.

**B.  Calmese's Objection Regarding the Production (or Lack of Production) of His Bank Records is Nonsensical and Irrelevant**

As indicated above, Calmese contends that the Court erred by finding that Calmese "only produced his 2005 bank records during discovery." The "explanation" for this contention that is set forth in the Second Reconsideration Motion makes no sense (at least to adidas). It is unnecessary, however, to try to decipher what Calmese is trying to say, because the issue he is

5-   RESPONSE TO DEFENDANT'S SECOND OPPOSED
     MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

raising is irrelevant. This is because this Court already has made clear (on multiple occasions) that Calmese's bank records are irrelevant to the infringement analysis. *See, e.g.*, November 16, 2009 Order, at 10 ("this Court found in its October 8, 2009, Order that [Calmese's] bank records were not relevant to the Magistrate Judge's infringement analysis" and "[t]he Magistrate Judge's failure to consider all of the bank records was not ultimately prejudicial to [Calmese]").

### C. Calmese's Argument Regarding the OUTPA is Without Merit

Calmese's argument concerning his OUTPA claim is entirely contingent on his argument concerning his infringement claim. That is, Calmese simply states that *if* the Court reverses its summary judgment ruling regarding infringement, it should do the same regarding the viability of Calmese's OUTPA claim. However, because the Court correctly decided the infringement question, Calmese's argument regarding the OUTPA fails.

### D. Calmese Should Be Sanctioned for His Frivolous Filing

The record in this case is replete with frivolous filings by Calmese, many of which contain offensive and borderline harassing commentary. On each such occasion, adidas has been forced to endure the time, expense, and inconvenience of filing a response. Calmese has been warned about his behavior in this case, but as of yet has not been sanctioned. The time has come for sanctions to be imposed. Indeed, if Calmese is not appropriately sanctioned, it is likely that a few weeks from now, adidas will be filing its response to Calmese's *Third* Reconsideration Motion.

adidas submits that Calmese should be sanctioned in the form of an award of the attorney's fees that adidas has been forced to incur in responding to the Second Reconsideration Motion. Alternatively, adidas requests that the Court impose some other form of sanction as it deems fit.

6- RESPONSE TO DEFENDANT'S SECOND OPPOSED MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## II. CONCLUSION

For the reasons set forth above, Calmese's Second Reconsideration Motion should be denied, and Calmese should be sanctioned.

DATED: December 10, 2009

**PERKINS COIE LLP**

By: /s/ Stephen M. Feldman
    Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

David K. Friedland (admitted *pro hac vice*)
dkfriedland@lfiplaw.com
Jaime S. Rich (admitted *pro hac vice*)
jrich@lfiplaw.com
Lott & Friedland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone:  305.448.7089
Facsimile:  305.446.6191

Attorneys for Plaintiff and Counterclaim Defendant

7- RESPONSE TO DEFENDANT'S SECOND OPPOSED MOTION FOR RECONSIDERATION

21184-0068/LEGAL17383297.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing RESPONSE TO DEFENDANT'S SECOND OPPOSED MOTION FOR RECONSIDERATION on:

>Michael D. Calmese
>3046 N. 32nd Street, Suite 321
>Phoenix, AZ 85018-6842
>
>Attorney Pro Se

by causing a full, true, and correct copy thereof, addressed to the last-known office address of the attorney or registered agent, to be sent by the following indicated method or methods (unless indicated otherwise above), on the date set forth below:

| X | By **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the U. S. Postal Service at Portland, Oregon. |
|---|---|
| X | By **email transmission** to proveit@excite.com. |
| ☐ | By **hand delivery**. |

DATED:  December 10, 2009

>**PERKINS COIE LLP**
>
>By /s/ Stephen M. Feldman
>   Stephen M. Feldman, OSB No. 932674
>   SFeldman@perkinscoie.com
>   Telephone:  503.727.2000
>
>Attorneys for Plaintiff and Counterclaim Defendant

1-   CERTIFICATE OF SERVICE

21184-0068/LEGAL17383297.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222