FILED'10 APR 20 11:27 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADIDAS AMERICA, INC.,                              08-CV-91-ST

        Plaintiff,                              OPINION AND ORDER

v.

MICHAEL CALMESE,

        Defendant.


DAVID K. FRIEDLAND
JAIME S. RICH
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

STEPHAN M. FELDMAN
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

        Attorneys for Plaintiff

MICHAEL CALMESE
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

        Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael Calmese's Second Motion (#175) for Leave to File a Third Motion for Reconsideration of this Court's Order (#173) issued March 9, 2009, denying Defendant's first Motion (#170) for Leave to File Motion for Reconsideration of February 22, 2010, Order.

For the reasons that follow, the Court **DENIES** Defendant's Second Motion (#175) for Leave to File a Third Motion for Reconsideration and further **ORDERS** Defendant not to make, file, or seek leave to file any additional motions with respect to any of the rulings, opinions, or orders addressed in this Order or related to the Court's adoption of Magistrate Judge Stewart's Amended Findings and Recommendation (#101) in this matter and **ORDERS** Defendant not to file any motion to reconsider this Opinion and Order.

## BACKGROUND

Defendant seeks leave a second time to file a third motion requesting the Court to reconsider its October 8, 2009, Order adopting as modified Magistrate Judge Stewart's Amended Findings and Recommendation issued on July 9, 2009.

On October 28, 2009, Defendant filed his original Motion for Reconsideration in which he requested this Court to reconsider

2 - OPINION AND ORDER

its Order of October 8, 2009. Defendant maintained a decision by the District Court for the District of Arizona in an unrelated litigation between Nike, Inc., and Calmese was binding on Magistrate Judge Stewart's determination of the *Sleekcraft* factor of "relatedness of goods":

> Defendant Calmese believes this Oregon should have come to the same legal conclusion as did the Honorable Judge Roslyn O. Silver in the Arizona District because just as wine complements cheese and salami, a common-sensical complementary relationship exists between adidas' sports garments and Calmese's sports garments. In fact Plaintiff and Defendant both use sports garments with identical "PROVE IT" marks in all capital letters on clothing and also on hang tags and receipts with out the world famous adidas logo or trademark. How much more related can these goods get given both adidas and calmese admittedly are using sports garments with the mark "PROVE IT"?[1]

On November 16, 2009, the Court denied Defendant's Motion for Reconsideration. The Court held in relevant part:

> Defendant contends this Court did not conduct a *de novo* review of the record with respect to his Objections as required by 28 U.S.C. § 636(b)(1) on the ground that the United States District Court for the District of Arizona in its October 16, 2008, Opinion and Order in *Calmese v. Nike, Inc.*, No. 06-CV-1959, decided on the same record that the "relatedness of the goods" *Sleekcraft* factor weighed in Defendant's favor. The Court notes Plaintiff was not a party to the

---

[1] Although the Arizona District Court found the goods related, it ultimately concluded no infringement took place and granted Nike's Motion for Summary Judgment as to Calmese's claims against Nike.

3 - OPINION AND ORDER

>Arizona proceedings, and, therefore, the likelihood of confusion between the products of Plaintiff and Defendant was not at issue in that matter. The Court has reviewed the record de novo and adheres to its October 8, 2009, Order with respect to this *Sleekcraft* factor.

The Court also noted:

>Defendant states the Arizona Opinion and Order was attached as Exhibit E to his Response to Opposition to Defendant's Motion for Leave to File Federal Taxes (#133). Exhibit E to that document, however, is a September 8, 2009, Order in the *Calmese v. Nike* matter in which the Arizona District Court denied Defendant's Motion for Reconsideration (Defendant was the plaintiff in the Arizona case). In that Motion, Defendant requested the Arizona court to reconsider its ruling to dismiss his Complaint against Nike for trademark infringement.

On November 25, 2009, Defendant filed his second Motion for Reconsideration in which he repeated his request that the Court reconsider its decision to uphold Magistrate Judge Stewart's Findings and Recommendation:

>Just as wine complements cheese and salami, a commonsensical complementary relationship exist between adidas's sports garments and Calmese's sports garments. Vendors often sell sports clothing and sports garments in the same stores and customers consume the products simultaneously, *i.e.* while playing sports. This factor should have never had to be reconsidered and should have weighed in favor of Defendant long ago as confirmed by the Honorable Judge Roslyn O. Silver, United States District Judge, on October 16, 2008.
>
>Judge Anna Brown commits a plain error were she erroneously states that because Plaintiff

4 - OPINION AND ORDER

> adidas was not a party to the Arizona proceedings, therefore, the likelihood of confusion between the products of Plaintiff adidas and Defendant Calmese was not at issue in that matter. Because the Plaintiff adidas and Defendant Calmese's dispute did not surface until well after the Arizona proceedings started, gives rise to the fact that there could be not issue given that there was no dispute yet. This Courts review fails here because in the Arizona proceedings the likelihood of confusion was between Calmese's t-shirts vs. Nike's shoes and Calmese still won this factor. Here the likelihood of confusion is even greater because the likelihood of confusion is between adidas's t-shirt vs. Calmese's t-shirts, a perfect t-shirt match. Therefore, how can Defendant Calmese lose this factor in the Oregon District Court when Calmese won this very same *Sleekcraft* Factor in the Arizona District Court based on the very same "law" that should be applied in this matter? Defendant Calmese should rightfully and legally be awarded the *Sleekcraft* Factor for Relatedness of Goods as a matter of law simply because the same laws apply to all of the District Courts throughout the entire United States of America.

On February 22, 2010, the Court issued an Order denying Defendant's Second Motion for Reconsideration and instructed Defendant to seek leave of Court before filing any additional motions for reconsideration. The Court also denied Plaintiff's request that the Court sanction Defendant for a frivolous filing.

On March 3, 2010, Defendant filed a Motion for Leave to File a Third Motion for Reconsideration. In his Motion, Defendant repeats his argument that the decision by the District Court of Arizona controls this Court's determination of the "relatedness

5 - OPINION AND ORDER

of goods" factor:

> By repeatedly not considering the fact that Calmese has presented evidence that proves Calmese has already won a *Sleekcraft* factor test for Relatedness of Goods test in the matter Michael D. Calmese v. Nike Inc. Case No. 06-cv-1959, a previously litigated matter in the Arizona District Court, deprives Calmese of the justice that he is entitled to by law. It was and should be the same law that awarded Calmese a favorable ruling on this one point of Relatedness of Goods in Honorable Judge Rosyln O. Silver's October 16, 2008 ORDER. This Court should note that Calmese won the Relatedness of Goods factor and he did not even file an answer to Nike's "second" motion for summary judgment which subsequently allowed them to prevail on their motion but not before awarding Calmese several *Sleekcraft* factors, specifically Relatedness of Goods.

On March 9, 2010, the Court issued the following minute order denying Defendant's First Motion for Leave to File a Third Motion for Reconsideration:

> In its Order issued February 22, 2010, the Court prohibited Defendant from filing any additional motions for reconsideration without leave of Court. On March 3, 2010, Defendant Michael D. Calmese filed a Motion (#170) for Leave to File Motion for Reconsideration of February 22, 2010, Order. In his pending Motion, Defendant reiterates the arguments he made in his previous Second Opposed Motion for Reconsideration and asserts a decision by the United States District Court for the District of Arizona in a matter involving Defendant and a company unrelated to Plaintiff binds the Court's determination of the facts and law as to the "relatedness of goods" between Defendant and Plaintiff adidas America, Inc. In its February 22, 2010, Order, the Court concluded the issues and facts before this Court were

6 - OPINION AND ORDER

not in dispute in the District Court of Arizona and that Defendant did not show any error of fact or change in controlling law that compelled further consideration. The Court, therefore, adheres to its previous ruling. Accordingly the Court DENIES Defendant's Motion (#170) for Leave to File Motion for Reconsideration and, for the same reasons set out it is Order issued February 22, 2010, DENIES Plaintiff's request for the Court to sanction Defendant. IT IS SO ORDERED.

## DISCUSSION

On March 29, 2010, Defendant filed this Second Motion for Leave to File a Third Motion for Reconsideration. On April 2, 2010, Plaintiff filed its brief in opposition. In his Motion, Defendant once again contends he has already won the "relatedness of goods" *Sleekcraft* factor on the basis of the Arizona District Court's decision and that basis is sufficient to permit his filing of a Third Motion for Reconsideration. Defendant also asserts the Court has allowed Plaintiff, but not Defendant, to rely on the decision by the Arizona District Court.

In her Amended Findings and Recommendation, Magistrate Judge Stewart found:

> The standard for deciding whether the parties' goods or services are 'related' is whether customers are 'likely to associate' the two product lines." *Surfvivor Media, Inc.*, 406 F3d at 633. The court also must consider whether the buying public could reasonably conclude that the products came from the same source. *Sleekcraft Boats*, 599 F2d at 348 n10. If the marks are identical and used with identical goods or services,

7 - OPINION AND ORDER

> then "likelihood of confusion would follow as a matter of course." *Brookfield*, 174 F3d at 1056.
>
> In this case, both Calmese and adidas sold the same goods, namely t-shirts, with the same "prove it" phrase. However, adidas argues that the buying public could not reasonably conclude that its t-shirts came from Calmese. To identify the origin and source of its t-shirts, adidas placed two adidas trademarks just below the phrase "PROVE IT:" the word mark "adidas" and adidas's 3-Bars Logo. Backman Decl. ¶¶ 4-5, Ex. A. In addition, all of the adidas t-shirts place these same trademarks on both the inside of the shirt's collar and on the hang tag affixed to the shirt. *Id.* Because of the prominent display of the adidas trademarks, it is unlikely that consumers who saw the adidas t-shirts were confused as to the source or origin of the products. Thus, this factor also weighs against a finding of likelihood of confusion and, thus, in favor of adidas.

In the long line of Defendant's argument on this factor, he misses the thrust of the Magistrate Judge's reasoning with respect to the "relatedness of goods" factor that is at the heart of her ultimate conclusion on Summary Judgment: Plaintiff's use of multiple adidas logos in combination with the "Prove It" mark make the likelihood of confusion with Defendant's mark minimal. In addition, Defendant stubbornly continues to maintain the decision of the Arizona District Court is binding on this Court. The Court, however, has already pointed out that the Arizona decision is not binding on this Court as a matter of law nor is it determinative of the facts in this case. Ultimately Defendant

8 - OPINION AND ORDER

has not cited any change in controlling law nor shown clear errors of fact that would provide adequate grounds for the Court to modify or to overturn the its Order adopting the Magistrate Judge's Amended Findings and Recommendation. Although Defendant spends the bulk of his Motion lamenting a perceived double standard by which the Court has allowed Plaintiff but has prevented Defendant from relying on the decision by the Arizona District Court, Defendant's argument fails. The Court has not made any ruling with respect to a party's ability to cite or to argue analogous aspects of that decision. In fact, the Court has merely concluded Defendant's reliance on that decision is misplaced and is not grounds for altering the Court's rulings in this matter.

Defendant also makes a cursory request that Plaintiff should be sanctioned for emailing the Court's March 9, 2010, order "(15) days after it was signed[,] [which] was very disingenuous by adidas." Defendant does not otherwise explain his request for sanctions.

Plaintiff counters Defendant's request for sanctions by asserting that counsel for Plaintiff only sent a copy of the Court's Order to Plaintiff when it became apparent during a telephone conversation that Defendant was not aware his motion for leave had been denied. Plaintiff contends its counsel was being courteous, and Defendant's request for sanctions is

baseless. The Court agrees.

Finally, Plaintiff in its Response once again seeks sanctions against Defendant:

> Here we go again. Calmese has added yet another frivolous filing to his already impressive collection and, in the process, he has once again forced adidas to waste its time and resources preparing a response (and, just as unfairly, Calmese has once again forced the Court to waste its time and resources considering a frivolous motion). The title of Calmese's latest motion speaks volumes: a Second Motion for Leave to File a Third Motion for Reconsideration. While it would be bad enough if Calmese's latest motion was accurately titled, the fact of the matter is that the present motion is at least the seventh attempt by Calmese to object to and/or seek reconsideration of this Court's entry of summary judgment in adidas's favor on the issues of trademark infringement and unfair competition. The time has come to put a stop to Calmese's incessant filing of frivolous motions. adidas has previously explained that, in its view, the only way to effectively put a stop to Calmese's incessant filing of frivolous motions is to impose a monetary sanction against him.

For the reasons stated in the Court's February 22, 2010, Order, the Court, in the exercise of its discretion, declines to sanction Defendant for filing this Motion. As noted below, Defendant runs the risk of the Court striking all of his pleadings, however, finding him in default, and allowing plaintiff to pursue the relief it seeks without Defendant having any additional opportunity to defend himself in this matter if Defendant does not now comply with this Opinion and Order.

10 - OPINION AND ORDER

### CONCLUSION

For these reasons, the Court **DENIES** Defendant's Second Motion (#175) for Leave to File a Third Motion for Reconsideration. The Court also **DENIES** the request of both Plaintiff and Defendant for sanctions.

The Court notes there is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). "Under the power of 28 U.S.C. § 1651(a) (1988), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)(citing *Tripati*, 878 F.2d at 352).

Accordingly, in the exercise of its discretion and pursuant to the Court's inherent authority, the Court further **ORDERS** Defendant not to make, file, or seek leave to file any additional motions with respect to any of the rulings, opinions, or orders addressed in this Order or related to the Court's adoption of Magistrate Judge Stewart's Amended Findings and Recommendation (#101) in this matter and **ORDERS** Defendant not to file any motion to reconsider this Opinion and Order.

11 - OPINION AND ORDER

If Defendant violates this Order by making, filing, or seeking leave to file prohibited motions, the Court will impose sanctions, potentially including the striking of his pleadings and an entry of an order of default against Defendant thereby permitting Plaintiff to conclude this matter in its favor without any opportunity for Defendant to oppose the relief Plaintiff seeks.

IT IS SO ORDERED.

DATED this 19th day of April, 2010.

                                          _____
                                          ANNA J. BROWN
                                          United States District Judge