IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADIDAS AMERICA, INC.,                          08-CV-91-BR

                Plaintiff,                 ORDER

v.

MICHAEL CALMESE,

                Defendant.


**DAVID K. FRIEDLAND**
**JAIME S. RICH**
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

**STEPHAN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

              Attorneys for Plaintiff

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

              Defendant, *Pro Se*


1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael Calmese's Motion (#217) for Leave to File a Third Motion for Reconsideration of February 22, 2010, Order.

For the reasons that follow, the Court **DENIES** Defendant's Motion (#217) for Leave to File a Third Motion for Reconsideration, **DENIES as moot** Defendant's Voluntary Motion (#227) to Strike Third Motion for Reconsideration, and **GRANTS** Plaintiff's Motion (#221) for Sanctions as set out below.

## BACKGROUND

Defendant again seeks leave to file a third motion for reconsideration of the Court's Order issued February 22, 2010, in which the Court denied Defendant's Second Opposed Motion (#160) for Reconsideration of this Court's Order (#155) issued November 16, 2009, and affirmed Magistrate Judge Janice M. Stewart's October 7, 2009, nondispositive Opinion and Order (#134). The procedural history of Defendant's repeated attempt to challenge the Court's conclusions on Summary Judgment with respect to the "relatedness of goods" between Defendant and Plaintiff's sportswear products is as follows:

On October 28, 2009, Defendant filed his original Motion for Reconsideration in which he requested this Court to reconsider

2 - ORDER

its Order of October 8, 2009.  Defendant maintained a decision by

the District Court for the District of Arizona in an unrelated

litigation between Nike, Inc., and Calmese was binding on

Magistrate Judge Stewart's determination of the *Sleekcraft* factor

of "relatedness of goods":

> Defendant Calmese believes this Oregon should
> have come to the same legal conclusion as did
> the Honorable Judge Roslyn O. Silver in the
> Arizona District because just as wine
> complements cheese and salami, a commonsensical
> complementary relationship exists
> between adidas' sports garments and Calmese's
> sports garments.  In fact Plaintiff and
> Defendant both use sports garments with
> identical "PROVE IT" marks in all capital
> letters on clothing and also on hang tags and
> receipts with out the world famous adidas
> logo or trademark.  How much more related can
> these goods get given both adidas and calmese
> admittedly are using sports garments with the
> mark "PROVE IT"?

On November 16, 2009, the Court denied Defendant's Motion

for Reconsideration.  The Court held in relevant part:

> Defendant contends this Court did not conduct
> a *de novo* review of the record with respect
> to his Objections as required by 28 U.S.C.
> § 636(b)(1) on the ground that the United
> States District Court for the District of
> Arizona in its October 16, 2008, Opinion and
> Order in *Calmese v. Nike, Inc.*, No.
> 06-CV-1959, decided on the same record that
> the "relatedness of the goods" *Sleekcraft*
> factor weighed in Defendant's favor.  The
> Court notes Plaintiff was not a party to the
> Arizona proceedings, and, therefore, the
> likelihood of confusion between the products
> of Plaintiff and Defendant was not at issue
> in that matter.  The Court has reviewed the
> record *de novo* and adheres to its October 8,
> 2009, Order with respect to this *Sleekcraft*

factor.

The Court also noted:

> Defendant states the Arizona Opinion and Order was attached as Exhibit E to his Response to Opposition to Defendant's Motion for Leave to File Federal Taxes (#133). Exhibit E to that document, however, is a September 8, 2009, Order in the *Calmese v. Nike* matter in which the Arizona District Court denied Defendant's Motion for Reconsideration (Defendant was the plaintiff in the Arizona case).  In that Motion, Defendant requested the Arizona court to reconsider its ruling to dismiss his Complaint against Nike for trademark infringement.

On November 25, 2009, Defendant filed his Second Motion for Reconsideration in which he repeated his request that the Court reconsider its decision to affirm Magistrate Judge Stewart's Findings and Recommendation:

> Just as wine complements cheese and salami, a commonsensical complementary relationship exist between adidas's sports garments and Calmese's sports garments.  Vendors often sell sports clothing and sports garments in the same stores and customers consume the products simultaneously, *i.e.* while playing sports.  This factor should have never had to be reconsidered and should have weighed in favor of Defendant long ago as confirmed by the Honorable Judge Roslyn O. Silver, United States District Judge, on October 16, 2008. Judge Anna Brown commits a plain error were she erroneously states that because Plaintiff adidas was not a party to the Arizona proceedings, therefore, the likelihood of confusion between the products of Plaintiff adidas and Defendant Calmese was not at issue in that matter.  Because the Plaintiff adidas and Defendant Calmese's dispute did not surface until well after the Arizona

> proceedings started, gives rise to the fact
> that there could be not issue given that
> there was no dispute yet.  This Courts review
> fails here because in the Arizona proceedings
> the likelihood of confusion was between
> Calmese's t-shirts vs. Nike's shoes and
> Calmese still won this factor.  Here the
> likelihood of confusion is even greater
> because the likelihood of confusion is
> between adidas's t-shirt vs. Calmese's
> t-shirts, a perfect t-shirt match.
> Therefore, how can Defendant Calmese lose
> this factor in the Oregon District Court when
> Calmese won this very same *Sleekcraft* Factor
> in the Arizona District Court based on the
> very same "law" that should be applied in
> this matter?  Defendant Calmese should
> rightfully and legally be awarded the
> *Sleekcraft* Factor for Relatedness of Goods as
> a matter of law simply because the same laws
> apply to all of the District Courts
> throughout the entire United States of
> America.

On February 22, 2010, the Court issued an Order denying Defendant's Second Motion for Reconsideration and instructed Defendant to seek leave of Court before filing any additional motions for reconsideration.  The Court also denied Plaintiff's request that the Court sanction Defendant for a frivolous filing.

On March 3, 2010, Defendant filed a Motion for Leave to File a Third Motion for Reconsideration.  In his Motion, Defendant repeated his argument that the decision by the District Court of Arizona controls this Court's determination of the "relatedness of goods" factor:

> By repeatedly not considering the fact that
> Calmese has presented evidence that proves
> Calmese has already won a *Sleekcraft* factor
> test for Relatedness of Goods test in the

matter Michael D. Calmese v. Nike Inc. Case
No. 06-cv-1959, a previously litigated matter
in the Arizona District Court, deprives
Calmese of the justice that he is entitled to
by law.  It was and should be the same law
that awarded Calmese a favorable ruling on
this one point of Relatedness of Goods in
Honorable Judge Rosyln O. Silver's October
16, 2008 ORDER.  This Court should note that
Calmese won the Relatedness of Goods factor
and he did not even file an answer to Nike's
"second" motion for summary judgment which
subsequently allowed them to prevail on their
motion but not before awarding Calmese
several *Sleekcraft* factors, specifically
Relatedness of Goods.

On March 9, 2010, the Court issued the following Order

denying Defendant's first Motion for Leave to File a Third

Motion for Reconsideration:

In its Order issued February 22, 2010, the
Court prohibited Defendant from filing any
additional motions for reconsideration
without leave of Court.  On March 3, 2010,
Defendant Michael D. Calmese filed a Motion
(#170) for Leave to File Motion for
Reconsideration of February 22, 2010, Order.
In his pending Motion, Defendant reiterates
the arguments he made in his previous Second
Opposed Motion for Reconsideration and
asserts a decision by the United States
District Court for the District of Arizona in
a matter involving Defendant and a company
unrelated to Plaintiff binds the Court's
determination of the facts and law as to the
"relatedness of goods" between Defendant and
Plaintiff adidas America, Inc.  In its
February 22, 2010, Order, the Court concluded
the issues and facts before this Court were
not in dispute in the District Court of
Arizona and that Defendant did not show any
error of fact or change in controlling law
that compelled further consideration.  The
Court, therefore, adheres to its previous
ruling. Accordingly the Court DENIES

6 - ORDER

Defendant's Motion (#170) for Leave to File
Motion for Reconsideration and, for the same
reasons set out it is Order issued February
22, 2010, DENIES Plaintiff's request for the
Court to sanction Defendant.

On March 29, 2010, Defendant filed a Second Motion (#175)
for Leave to File a Third Motion for Reconsideration of March 9,
2010, Order, in which he once again argued the "relatedness of
goods" *Sleekcraft* factor should weigh in his favor on the basis
of the Arizona District Court's decision.  On April 20, 2010, the
Court issued an Order denying Defendant's Motion for Leave.  With
respect to the "relatedness of goods" issue, the Court
emphasized:

In the long line of Defendant's argument on
this factor, he misses the thrust of the
Magistrate Judge's reasoning with respect to
the "relatedness of goods" factor that is at
the heart of her ultimate conclusion on
Summary Judgment:  Plaintiff's use of multiple
adidas logos in combination with the "Prove
It" mark make the likelihood of confusion with
Defendant's mark minimal.  In addition,
Defendant stubbornly continues to maintain the
decision of the Arizona District Court is
binding on this Court.  The Court, however,
has already pointed out that the Arizona
decision is not binding on this Court as a
matter of law nor is it determinative of the
facts in this case.  Ultimately Defendant has
not cited any change in controlling law nor
shown clear errors of fact that would provide
adequate grounds for the Court to modify or to
overturn the its Order adopting the Magistrate
Judge's Amended Findings and Recommendation.
Although Defendant spends the bulk of his
Motion lamenting a perceived double standard
by which the Court has allowed Plaintiff but
has prevented Defendant from relying on the
decision by the Arizona District Court,

Defendant's argument fails.  The Court has not
made any ruling with respect to a party's
ability to cite or to argue analogous aspects
of that decision.  In fact, the Court has
merely concluded Defendant's reliance on that
decision is misplaced and is not grounds for
altering the Court's rulings in this matter.

In its Response to the Motion, Plaintiff again sought

sanctions against Defendant:

Here we go again.  Calmese has added yet
another frivolous filing to his already
impressive collection and, in the process, he
has once again forced adidas to waste its
time and resources preparing a response (and,
just as unfairly, Calmese has once again
forced the Court to waste its time and
resources considering a frivolous motion).
The title of Calmese's latest motion speaks
volumes:  a Second Motion for Leave to File a
Third Motion for Reconsideration.  While it
would be bad enough if Calmese's latest
motion was accurately titled, the fact of the
matter is that the present motion is at least
the seventh attempt by Calmese to object to
and/or seek reconsideration of this Court's
entry of summary judgment in adidas's favor
on the issues of trademark infringement and
unfair competition.  The time has come to put
a stop to Calmese's incessant filing of
frivolous motions.  adidas has previously
explained that, in its view, the only way to
effectively put a stop to Calmese's incessant
filing of frivolous motions is to impose a
monetary sanction against him.

The Court again declined to sanction Defendant, but issued

the following Order to Defendant:

Accordingly, in the exercise of its discretion
and pursuant to the Court's inherent
authority, the Court further ORDERS Defendant
not to make, file, or seek leave to file any
additional motions with respect to any of the
rulings, opinions, or orders addressed in this

8 - ORDER

Order or related to the Court's adoption of
Magistrate Judge Stewart's Amended Findings
and Recommendation (#101) in this matter and
ORDERS Defendant not to file any motion to
reconsider this Opinion and Order.

If Defendant violates this Order by making,
filing, or seeking leave to file prohibited
motions, the Court will impose sanctions,
potentially including the striking of his
pleadings and an entry of an order of default
against Defendant thereby permitting Plaintiff
to conclude this matter in its favor without
any opportunity for Defendant to oppose the
relief Plaintiff seeks.

As noted, on August 19, 2010, Defendant again sought leave
to file a third motion for reconsideration.  In its Response
(#221), Plaintiff once again sought sanctions against Defendant
for his disregard of the Court's Order.  On August 24, 2010, the
Court issued an Order construing Plaintiff's Response a Motion
for Sanctions in part and permitted Defendant to have the
opportunity to respond.  On August 24, Defendant filed his
Voluntary Motion (#227) to Strike Third Motion for
Reconsideration, which the Court construes, in part, as
Defendant's Response to Plaintiff's Motion for Sanctions.  On
August 26, 2010, Plaintiff filed its Response to Defendant's
Voluntary Motion to Strike Third Motion for Reconsideration.


## **STANDARDS**

The Court has "broad discretion in fashioning sanctions."
*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1065 n.8

9 - ORDER

(citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir.
2006), and *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th
Cir. 2006)).  There is "strong precedent establishing the
inherent power of federal courts to regulate the activities of
abusive litigants by imposing carefully tailored restrictions
under the appropriate circumstances." *Tripati v. Beaman*, 878
F.2d 351, 352 (10th Cir. 1989).  Moreover,

> "[f]lagrant abuse of the judicial process
> cannot be tolerated because it enables one
> person to preempt the use of judicial time
> that properly could be used to consider the
> meritorious claims of other litigants." *De
> Long*, 912 F.2d at 1148; *see O'Loughlin v.
> Doe*, 920 F.2d 614, 618 (9th Cir.1990).  Thus,
> in *De Long*, we outlined four factors for
> district courts to examine before entering
> pre-filing orders.  First, the litigant must
> be given notice and a chance to be heard
> before the order is entered.   *De Long*, 912
> F.2d at 1147.  Second, the district court
> must compile "an adequate record for review."
> *Id.* at 1148.  Third, the district court must
> make substantive findings about the frivolous
> or harassing nature of the plaintiff's
> litigation. *Id.*  Finally, the vexatious
> litigant order "must be narrowly tailored to
> closely fit the specific vice encountered."
> *Id.*

*Molski*, 500 F.3d at 1057.  When encountering vexatious
litigants, the Ninth Circuit has held appropriate sanctions

> may include not only a pre-filing order, but
> also monetary sanctions or even the ultimate
> sanction of dismissal of claims. We do not
> here hold that, if a court encounters
> vexatious litigation, a pre-filing order is
> the only permissible form of sanction.
> Rather, the district court may exercise its

> sound discretion under the facts presented to
> choose any appropriate sanction that will
> punish the past misconduct and prevent the
> future misconduct of the lawyer or party at
> issue.

*Molski*, 500 F.3d at 1065 n.8.  In addition, "[c]ourts have

inherent equitable powers to dismiss actions or enter default

judgments for failure to prosecute, contempt of court, or abusive

litigation practices."  *Televideo Sys., Inc. v. Heidenthal*, 826

F.2d 915, 916 (9th Cir. 1987)(citing *Roadway Express, Inc. v.

Piper*, 447 U.S. 752, 764 (1980); *Link v. Wabash R.R.*, 370 U.S.

626, 632 (1962); and *United States v. Moss-American, Inc.*, 78

F.R.D. 214, 216 (E.D. Wis. 1978)).


<u>**DISCUSSION**</u>

Plaintiff's Motion for Leave to File Third Motion for

Reconsideration violates a clear Order of the Court issued on

April 20, 2010.  As summarized, the history of Defendant's

filings with respect to the Court's rulings on summary judgment

in this matter clearly demonstrates that Defendant has continued

to repeat the same arguments despite the Court's repeated rulings

that Defendant's bases for reconsideration are without legal

merit.  Although Plaintiff styles his latest Motion as providing

new arguments for reconsidering the Court's February 22, 2010,

Order, Plaintiff again offers nonbinding authority for the

proposition that he "should have won the *Sleekcraft* factor test

11 - ORDER

for 'Likelihood of Confusion' long time ago."

Nevertheless, in his Voluntary Motion to Strike, Defendant asserts he made an "honest mistake" by filing his latest Motion for Leave and seeks the Court's permission to withdraw the Motion.  Plaintiff contends Defendant's Motion cannot be considered a mistake and certainly should not be considered an honest one under the circumstances.  Plaintiff points out the Court denied Defendant's Second Motion for Reconsideration on February 22, 2010, and ordered Defendant not to file any additional motions for reconsideration without leave of Court; after the Court denied Defendant's Second Motion for Leave to File a Third Motion for Reconsideration on April 20, 2010, the Court ordered Defendant not to "make, file, or seek leave to file any additional motions with respect to any of the rulings, opinions, or orders addressed in this Order or related to the Court's adoption of Magistrate Judge Stewart's Amended Findings and Recommendation (#101) in this matter and ORDERS Defendant not to file any motion to reconsider this Opinion and Order" on penalty of sanctions; and the Court reminded the parties on July 20, 2010, that the Court "has previously directed the parties not to file any more motions so that the parties focus their efforts on preparing for trial."  Thus, Plaintiff contends the Court's Orders have been numerous, measured, and clear, and Defendant's latest Motion for Leave violated not one, but two standing orders

not to file any additional motions generally or any motions related to the summary-judgment rulings in this matter specifically.

Plaintiff also notes Defendant's Voluntary Motion to Strike violated the Court's rules because he failed to confer with Plaintiff's counsel before filing his Motion.  On July 20, 2010, roughly a month before Defendant filed his Voluntary Motion to Strike, the Court reminded Defendant of Local Rule 7-1:

> The procedure to request the Court to take formal action in the case is to file a motion.  Before filing any motion, a party must confer with the opponent about the subject of the proposed motion and make a good faith effort to resolve the issue without court intervention.  *See* Local Rule 7-1.  Indeed, a party filing a motion is required to certify in the first paragraph of any motion that the party has made the good faith effort required by Local Rule 7-1.

Ultimately, Defendant has blatantly ignored the Court's warnings and clear orders and has flaunted the lenience the Court has shown in declining to sanction Defendant for abuse of the legal process.

As a consequence of Defendant's frivolous and repeated filings, the Court finds Defendant has wasted the resources of Plaintiff and the Court and has shown a blatant disregard for the judicial process.  The parties and the Court have been dealing with some form of Plaintiff's challenge to the Court's orders with respect to the rulings made on summary judgment since

13 - ORDER

October 2009.  Specifically, Defendant made objections to the Findings and Recommendation, filed two motions to reconsider, and filed three motions for leave to file a third motion for reconsideration of the same rulings.  In light of the history of these motions, the Court finds Defendant's statement that he made an honest mistake by filing this latest request for leave is not credible.

For these reasons, the Court concludes sanctions are warranted but declines at this stage to strike Defendant's pleadings outright.  The Court will not be so forgiving of future violations of Court orders.

Instead, in the exercise of its discretion, the Court ORDERS Defendant to pay the reasonable attorneys' fees and any costs Plaintiff has incurred to respond to Defendant's latest Motion for Leave and his Voluntary Motion to Strike.  To this end, the Court directs Plaintiff to file **no later than September 7, 2010,** an appropriate pleading setting forth the amount of reasonable attorneys' fees and any costs Plaintiff has incurred to respond to these two Motions and the bases for those fees; *i.e.*, to include Plaintiff's billing rates, hours incurred, etc.  The Court then will review the pleading and issue an order determining the amount of fees and any costs that Plaintiff reasonably expended as a result of Defendant's sanctionable conduct.  After it makes its determination, the Court will set a

14 - ORDER

14-day deadline for Defendant to pay that amount in full to
Plaintiff's counsel.  If, however, Defendant fails to timely pay
that amount in full, the Court will reconsider whether to impose
the ultimate sanction of striking Defendant's pleadings and
allowing Plaintiff to pursue a default judgment in this matter.

### CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion
(#217) for Leave to File a Third Motion for Reconsideration,
**DENIES as moot** Defendant's Voluntary Motion (#227) to Strike
Third Motion for Reconsideration, and **GRANTS** Plaintiff's Motion
(#221) for Sanctions as set out in this Order.

IT IS SO ORDERED.

DATED this 27th day of August, 2010.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


15 - ORDER