IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADIDAS AMERICA, INC.,                                  08-CV-91-BR

                Plaintiff,                              ORDER

v.

MICHAEL CALMESE,

                Defendant.


**DAVID K. FRIEDLAND**
**JAIME S. RICH**
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

**STEPHAN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

           Attorneys for Plaintiff

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

           Defendant, *Pro Se*


1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael

Calmese's Objection (#239) to the August 30, 2010, Order (#229)

in which the Court, *inter alia*, ordered Defendant to pay

sanctions to Plaintiff in an amount to be determined by the

Court.  After consideration of Defendant's Objections, the Court

**ADHERES** to its Order (#229) issued August 30, 2010, and **DIRECTS**

Defendant to pay to Plaintiff **no later than Noon, Pacific Time,**

**on October 20, 2010,** Plaintiff's attorneys' fees in the sum of

**$9,106.50** as herein provided.


<u>BACKGROUND</u>

In its Order (#229) issued on August 30, 2010, the Court

provided a detailed factual background relating the lengthy

procedural and factual history that led the Court to impose

sanctions on Defendant.  The Court need not repeat that

background here but incorporates it by reference.

On August 24, 2010, the Court issued the following Order

(#226):

> The Court acknowledges receipt of Defendant
> Calmese's Motion (#217) for Leave to File
> Third Motion for Reconsideration of February
> 22, 2010 Order and Plaintiff adidas's
> Memorandum in Opposition (#221).  The Court
> construes Plaintiff's Opposition (#221) as,
> in part, a Motion for Sanctions, and,

therefore, grants Defendant Calmese until
Friday, September 3, 2010, to file a response
to the request for sanctions that is strictly
limited to responding to Plaintiff's request
that the Court sanction Defendant's
unauthorized filing of his Third Motion
for Reconsideration by striking all of
Defendant's still-pending pleadings, entering
a default judgment against Defendant, and
concluding this litigation on that basis.
The Court will not accept any other filings
from either party with respect to Defendant's
Motion (#217) or Plaintiff's Memorandum in
Opposition/Motion for Sanctions and will take
these matters under advisement upon receipt
of Defendant's response or on September 3,
2010, whichever occurs first.

Also on August 24, 2010, Defendant filed a Voluntary Motion

(#227) to Strike Third Motion for Reconsideration in which

Defendant alleged he was unaware of the Court's Order prohibiting

Defendant from filing any more motions.  Defendant's Motion,

however, lacked a Local Rule 7-1 certification despite the

Court's repeated reminders that adherence to this Rule is

mandatory.  In his Voluntary Motion to Strike, Defendant also

stated:

Because Plaintiffs have unrightfully been
burned by having to respond to this motion
Defendant understands why this Court may
imposes [*sic*] sanctions while at the same
time considering a much more serious
punishment. In light of the honest mistake
Defendant and the fact that Trial has been
set for November 2, 2010, Defendant prays
this Court will have mercy on him and allow
him to Voluntary Strike his Third Motion For
Reconsideration.

3 - ORDER

On August 26, 2010, Plaintiff filed its Response (#228) to
Defendant's Voluntary Motion to Strike.

In its Order (#229) imposing sanctions on Defendant, the
Court construed Defendant's Voluntary Motion to Strike as a
responsive pleading to Plaintiff's request for sanctions in light
of Defendant's apparent concessions.  Ultimately the Court
concluded Defendant's explanation that he made an "honest
mistake" by filing the motion was not credible.

In his Response (#230) to Plaintiff's Motion for Sanctions,
Defendant goes to great lengths to show that he filed his
Voluntary Motion to Strike before the Court issued its Order on
August 24, 2010, setting a deadline for Defendant to respond to
Plaintiff's Motion for Sanctions.  Thus, Defendant argues the
Court should not have construed his Voluntary Motion to Strike as
his response to Plaintiff's Motion for Sanctions and repeats his
argument that he made an honest mistake when he filed his third
Motion for Leave to File a Third Motion for Reconsideration.

On September 3, 2010, Plaintiff filed its Statement of
Attorneys' Fees (#237) as directed by the Court.  Plaintiff
attests its fees incurred to respond to Defendant's Motion for
Leave to File a Third Motion for Reconsideration and Defendant's
Voluntary Motion to Strike were a total of $9,106.50.

On September 8, 2010, Defendant filed an Objection to the
Court's August 30, 2010, Order in which he again states his

Voluntary Motion to Strike should not have been considered a responsive pleading because he filed it before the Court issued its Order on August 24, 2010, setting a deadline for him to respond to Plaintiff's Motion for Sanctions.  Defendant also contends his Third Motion for Leave to File a Third Motion for Reconsideration was justified because he offered new evidence in support of that Motion.

## DISCUSSION

In his Response to Plaintiff's Motion for Sanctions and his Objection to the Court's August 30, 2010, Order, Defendant objects to the Court's Order (#229) on the following grounds: (1) Defendant made an "honest mistake" when he filed his third Motion (#217) for Leave to File a Third Motion for Reconsideration, (2) the Court improperly construed Defendant's Voluntary Motion (#227) to Strike Third Motion for Reconsideration as his response to Plaintiff's Motion for Sanctions, and (3) the Court improperly denied Defendant's third Motion (#217) for Leave to File a Third Motion for Reconsideration.

With respect to Defendant's contention that he made an honest mistake by filing the third Motion for Leave to File Third Motion for Reconsideration, the Court is not persuaded.  In its Order (#229) and in light of Defendant's persistent history of

5 - ORDER

filing repetitive challenges to the Court's orders herein, including those related to summary-judgment rulings, the Court ordered Defendant not to file any motion specifically related to the summary-judgment rulings in this matter and not to file any other motions as the parties prepared for trial.  Defendant's explanation that he somehow misunderstood the clear and unequivocal language in the Court's April 20, 2010, Order (#181) that Defendant was not to "make, file, or seek leave to file any additional motions with respect to any of the rulings, opinions, or orders addressed in this Order or related to the Court's adoption of Magistrate Judge Stewart's Amended Findings and Recommendation (#101) in this matter and ORDERS Defendant not to file any motion to reconsider this Opinion and Order" is not credible.  Furthermore, even if Defendant had a credible excuse for not adhering to that Order, the Court also issued an Order on July 20, 2010, in which it stated the Court "has previously directed the parties not to file any more motions so that the parties focus their efforts on preparing for trial."

In short, as set out in its Order (#229), the Court took measured steps to prevent Defendant's repeated frivolous filings and clearly instructed Defendant not to file the very motion that Defendant filed on August 19, 2010.  It is instructive that in his Objection (#239), Defendant abandons his argument that he made a mistake by filing his third Motion for Leave to File Third

6 - ORDER

Motion for Reconsideration and instead defends the merits of that
Motion.  On this record, the Court concludes Defendant did not
make an "honest mistake."

Defendant also objects to the Court's Order (#229) on the
ground that the Court improperly construed his Voluntary Motion
to Strike as a response to Plaintiff's Motion for Sanctions.
This argument is without merit.  In fact, Defendant's Voluntary
Motion to Strike referenced Plaintiff's Response and its request
for sanctions.  Defendant even acknowledged the Court would
likely sanction him and sought the Court's lenience.  Although
Defendant attempts to support his argument by pointing out that
he filed his Voluntary Motion to Strike before the Court's Order
issued on August 24, 2010 (#226), setting a deadline for
Defendant to respond to Plaintiff's Motion for Sanctions, the
timing of Defendant's filing is not determinative.  The Court
also concludes its Order (#229) sanctioning Defendant was
appropriate on the then-existing record, particularly in light of
Defendant's seeming concession in his Voluntary Motion to Strike
that Plaintiff had "unrightfully been burned by having to respond
to this motion Defendant understands why this Court may imposes
[*sic*] sanctions while at the same time considering a much more
serious punishment."

In any event, the Court has reviewed the entire record anew
and has considered Defendant's responsive filings despite the

7 - ORDER

fact that they were not authorized.  The Court concludes even after consideration of Defendant's most recent filings that sanctions are warranted under the standards set out in the Court's August 30, 2010, Order (#229).

Finally, Defendant argues the Court improperly denied his third Motion (#217) for Leave to File a Third Motion for Reconsideration and contends his Motion was meritorious because he presented the Court with new evidence in support of his Motion.  The Court, however, did not reach the merits of the Motion.  Instead the Court denied Plaintiff's request for leave to file a third motion for reconsideration.

As noted, Defendant was subject to this Court's Order not to file any additional motions challenging the Court's rulings with respect to summary judgment, and his third Motion for Leave violated that Order.  Moreover, the parties were in preparation for trial and the time to file any additional dispositive motions had long passed.  In addition, the Court notes Defendant filed no fewer than ten pleadings in this Court and an appeal to the Ninth Circuit challenging the Court's October 2009 rulings on summary judgment.  The Court cannot permit a party to waste the time of the Court and the opposing party by perpetually challenging an order of the Court on the same grounds.  The Court's restriction of Defendant's filings was reasonable under the circumstances and was necessary to move this matter (which has been pending since

January 2008) to trial.

The Court has reviewed Plaintiff's Statement of Attorneys' Fees (#237) to which Defendant did not file any opposition. The Court concludes Plaintiff's fees are reasonable. Based on the time the Court has had to give to the numerous frivolous filings made by Defendant, Plaintiff's time is likely underestimated. In any event, the Court has "broad discretion in fashioning sanctions." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1065 n.8 (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006), and *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir. 2006)). When encountering vexatious litigants, the Ninth Circuit has held appropriate sanctions

> may include not only a pre-filing order, but also monetary sanctions or even the ultimate sanction of dismissal of claims. We do not here hold that, if a court encounters vexatious litigation, a pre-filing order is the only permissible form of sanction. Rather, the district court may exercise its sound discretion under the facts presented to choose any appropriate sanction that will punish the past misconduct and prevent the future misconduct of the lawyer or party at issue.

*Molski*, 500 F.3d at 1065 n.8.

The Court concludes, in the exercise of its discretion, that the monetary sanction of $9,106.50, representing Plaintiff's attorneys' fees incurred in responding to Defendant's third Motion for Leave to File a Third Motion for Reconsideration and Voluntary Motion to Strike, is necessary to sanction Defendant

9 - ORDER

for violating this Court's Orders and to deter any such future violations.  If this sanction is not successful in deterring future violations, the Court will have no other recourse but to strike Defendant's pleadings altogether and to allow Plaintiff to pursue this matter to its conclusion on the basis of a default judgment against Defendant.

## CONCLUSION

For these reasons, the Court **ADHERES** to its Order (#229) issued August 30, 2010, and **DIRECTS** Defendant to pay **no later than Noon, Pacific Time, on October 20, 2010**, attorneys' fees to Plaintiff in the sum of **$9,106.50**.  Defendant shall make the payment by way of certified check made to the order of adidas America, Inc., and delivered to the Portland, Oregon offices of Plaintiff's counsel by the deadline herein stated.  If Defendant does not timely pay this amount in full, the Court will strike Defendant's pleadings and allow Plaintiff to pursue this matter accordingly.

In light of this Order, the Court suspends the pending deadlines, including those for filing other trial papers on October 8, 2010.  The Court **DIRECTS** Plaintiff to notify the Court on the earlier of Plaintiff's receipt of the payment ordered herein, or October 21, 2010, whichever occurs earlier, after which the Court will issue an updated scheduling order.  The

November 2, 2010, trial remains in effect.

 IT IS SO ORDERED.

 DATED this 1st day of October, 2010.


        /s/ Anna J. Brown

        _____
        ANNA J. BROWN
        United States District Judge

11 - ORDER