IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADIDAS AMERICA, INC.,                          08-CV-91-BR

                    Plaintiff,                 ORDER

v.

MICHAEL CALMESE,

                    Defendant.


**DAVID K. FRIEDLAND**
**JAIME S. RICH**
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

**STEPHAN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

               Attorneys for Plaintiff

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

               Defendant, *Pro Se*


1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael Calmese's Notice (#238) of Plaintiff's Failure to Comply with this Court's Order Doc. 209 in which Defendant "moves this Court to either issue an order compelling adidas and/or West Court Reporting Services to finally produce the original deposition for Defendant's forensic expert witness, for the second time or dismiss adidas's cancellation claim due to nondisclosure of the April 23, 2010 deposition once and for all."  For the reasons that follow, the Court **DENIES** the relief sought by Defendant in his Notice (#238).


## BACKGROUND

On July 29, 2010, the Court issued an Order (#209) regarding the parties' dispute over the video and transcript of Defendant's deposition, which Defendant asserts Plaintiff has altered.  In that Order, the Court stated:

> The Court directs Plaintiff to make a filing no later than August 6, 2010, in which Plaintiff states whether it intends to offer all or portions of Defendant's deposition at trial. If so, . . . Plaintiff (1) shall specify the bases on which it proposes to authenticate the deposition at trial and (2) shall propose a mechanism to ensure Defendant can be prepared to make his challenge of the deposition's authenticity. **If necessary, Plaintiff shall secure the**

2 - ORDER

> **original deposition video and provide**
> **Defendant with reasonable access to the video**
> **so that his expert to review that original**
> **recording.**

Emphasis added.

On August 6, 2010, Plaintiff filed its required Response (#210) to the Court's July 29, 2010, Order, in which Plaintiff stated, *inter alia*:

> [T]he original videotape of Calmese's
> deposition is available for inspection by
> Calmese and/or his expert at the office of
> West Court Reporting Services, 221 Main
> Street, San Francisco, CA, at a mutually
> agreeable date and time. Given Calmese's
> unsubstantiated accusations of wrongdoing on
> the part of adidas's counsel (and the
> reporters who transcribed and videotaped his
> deposition), adidas and its counsel are
> unwilling to take possession of the original
> deposition video and thereby risk subjecting
> themselves to further unfounded accusations
> by Calmese.

On August 10, 2010, the Court issued an Order (#213) in which the Court adopted Plaintiff's plan to make the deposition video available for Defendant's review. The Court ordered:

> Plaintiff shall ensure West Coast Court
> Reporting Services receives a copy of this
> Order and shall file no later than August 16,
> 2010, an appropriate pleading confirming West
> Coast Court Reporting Services acknowledges
> its responsibilities as provided in this
> Order. West Coast Court Reporting Services
> shall maintain custody of the original video
> recording of the Calmese deposition and shall
> make the original video recording available
> for inspection by Defendant Calmese and/or
> his designated expert at its San Francisco
> offices, 221 Main Street, San Francisco CA,
> at a date and time before August 31, 2010,

> mutually agreeable to West Coast Court
> Reporting Services, Defendant Calmese and/or
> his designated expert, and Plaintiff and/or
> its counsel.

On August 13, 2010, Plaintiff filed its Response to the

Court's August 10, 2010, Order, in which Plaintiff stated:

> (1) On August 10, 2010, counsel for adidas
> provided a copy of the Court's August 10,
> 2010 Minute Order to West Court Reporting
> Services, which adidas notes has recently
> changed its name to Westlaw Deposition
> Services ("Westlaw"); and
>
> (2) On August 10, 2010, Westlaw provided
> adidas's counsel with written acknowledgment
> of its receipt of the Court's August 10, 2010
> Minute Order, and further acknowledged its
> responsibilities under the Court's August 10,
> 2010 Minute Order. Specifically, Westlaw
> acknowledged that it (a) shall maintain
> custody of the original video recording of
> the deposition of defendant Michael D.
> Calmese ("Calmese") in its office in San
> Francisco, California, and (b) shall make the
> original video recording available for
> inspection by Calmese and/or his designated
> expert at its San Francisco office, at a
> mutually agreeable date and time before
> August 31, 2010.

Plaintiff also filed a Certificate of Service indicating

Plaintiff sent Defendant a copy of its Response by mail and

email.

On August 16, 2010, Defendant filed a Response (#216) to the

August 10, 2010, Order, which began a string of pleadings in

which Defendant maintained the Court issued an Order on July 29,

2010, that Plaintiff take possession of the deposition video to

permit Defendant's review. Defendant repeatedly quotes the

4 - ORDER

Court's Order (#209).  Defendant, however, omits the Court's use

of the conditional language "if necessary" and thereby makes it

appear as if the Court, in fact, ordered Plaintiff to secure

physical possession of the deposition video.  In his Response,

Defendant specifically states:

> [T]his Court ORDERED Plaintiff adidas to,
> ". . . . secure the original deposition video
> and provide Defendant with reasonable access
> to the video so that his expert to review
> that original recording." (Doc. 209).  On
> August 9, 2010, Plaintiff adidas filed its
> Response to the Courts July 29, 2010, and
> stated Plaintiff would not comply with this
> Court's ORDER. (Doc.210).  On August 10,
> 2010, Defendant Calmese properly filed his
> Reply to adidas refusal to comply with the
> July 29, 2010 Court ORDER. (Doc. 212).

Plaintiff, however, states its counsel has explained to

Defendant that he has misinterpreted the Court's Order (#209)

and, in any event, that the August 10, 2010, Order is the

operative one regarding this issue.  Nonetheless, Defendant

continues to misrepresent the Court's Order.  On August 20, 2010,

for example, Defendant filed an unauthorized Reply (#219) in

which he repeated his argument:  "Notwithstanding the fact that

the Court squarely ordered adidas to, '. . . secure the original

deposition video.'"

On September 8, 2010, Defendant filed a Notice (#238) of

Plaintiff's Failure to Comply with this Court's Order.  In the

Notice, Defendant again states:  "[T]his Court specifically

Ordered Plaintiff to 'secure the original deposition video and

5 - ORDER

provide Defendant with reasonable access to the video so that his

expert to review that original recording.'"  In this instance,

Defendant no longer replaces the Court's conditional "if

necessary" with ellipses as in previous filings.  Defendant

further states:

> If this Court does not enforce disclosure of
> the original for examination and if this
> Court fails to dismiss the April 23, 2010
> deposition based on non-disclosure of the
> original, this may certainly be grounds for
> appeal, if not dismissal with prejudice.
> . . .  Calmese respectfully requests that the
> Court either issue an order compelling adidas
> and/or West Court Reporting Services to
> finally produce the original deposition for
> Defendant's forensic expert witness, for the
> second time or sanction Plaintiff in the form
> of dismissing adidas's cancellation claim due
> to nondisclosure of the April 23, 2010
> deposition and ordering adidas to compensate
> Defendant for his time and expense in
> retaining a forensic audio/video expert and
> replying to Plaintiff s excuses for not
> complying to this Court's ORDER (Doc. 209).

On September 9, 2010, Plaintiff filed its Response (#244) to

Defendant's Notice (#238).  Plaintiff states:

> Whether Calmese's Notice is deemed to be a
> motion for leave to file a motion to compel
> or an actual motion to compel is immaterial,
> because in either event, the Notice is both
> utterly frivolous and represents yet another
> direct violation of this Court's prior Orders
> forbidding Calmese from filing any further
> motions.

Plaintiff also states counsel explained to Defendant that

the Notice was frivolous in light of the Court's Order of August

10, 2010, and that Defendant would be violating the Court's Order

6 - ORDER

forbidding the filing of any additional motions if Defendant filed the Notice.  In its Response (#244), Plaintiff further states:  "There is only one meaningful sanction left to impose against Calmese:  the entry of an order of default."  The Court construes Plaintiff's Response as, in part, another request for sanctions against Defendant.

On September 16, 2010, Defendant filed a Reply (#246) even though a reply to a discovery motion is not permitted under Local Rule 26-3 without leave of Court.  In any event, Defendant repeats in his Reply:  "By Minute Order dated July 29, 2010, (Doc. 209), the Court clearly ORDERED adidas to secure and provide reasonable access to the video so that Calmese's expert could review that original recording."

## DISCUSSION

The Court notes initially that Defendant's "Notice" is, in effect, a Motion to Compel.  By filing this Motion, Defendant has once again violated the Court's standing Order (#207) "not to file any more motions so that the parties focus their efforts on preparing for trial."  Moreover, Defendant's Notice does not contain a certification that he complied with Local Rule 7-1 (which requires Defendant to confer meaningfully with Plaintiff before filing any motion) despite repeated warnings by the Court that compliance with Rule 7-1 is mandatory.

7 - ORDER

The Court also finds Defendant's interpretation of the
Court's July 29, 2010, Order (#209) is erroneous.  With respect
to the actual video record of Defendant's deposition, the Court
merely ordered Plaintiff to "propose a mechanism to ensure
Defendant can be prepared to make his challenge of the
deposition's authenticity.  If necessary, Plaintiff shall secure
the original deposition video and provide Defendant with
reasonable access to the video so that his expert [may] review
that original recording."  The Court has never ordered that
Plaintiff must obtain possession of the deposition video.  In
fact, the Court approved Plaintiff's plan to make the original
deposition video available through Westlaw for Defendant's
review, and the Court is satisfied that Plaintiff has complied.

Nonetheless, Defendant alleges in his Reply that "he was
never aware of (Doc. 213) . . . until preparing this reply."  In
light of the foregoing factual recitation, the Court finds
Defendant's "allegation" not credible.

Although the Court will have to consider the separate matter
of Plaintiff's request for sanctions against Defendant raised in
Plaintiff's Response (#244) to Defendant's Notice (#238), the
Court declines to do so at this juncture.  Pursuant to the
Court's Order (#249) issued October 1, 2010, Defendant has been
ordered to pay $9,106.50 as a result of sanctions related to
Defendant's violations of other Court Orders.  After the Court

8 - ORDER

receives the October 21, 2010 (or earlier), status report from Plaintiff's counsel anticipated in its October 1, 2010, Order (#249), the Court will determine whether additional sanctions are warranted.

## CONCLUSION

For these reasons, the Court **DENIES** the relief requested by Defendant in his Notice (#238) of Plaintiff's Failure to Comply with this Court's Order Doc. 209. The Court orders Defendant not to make or to file any motion, notice or request of the Court until further order of the Court. Any violation of this Court's Orders or of the rules of the Court will be met with the ultimate sanction. The Court **DEFERS** ruling on Plaintiff's additional request for sanctions (#244) for the reasons set out in this Order.

IT IS SO ORDERED.

DATED this 1st day of October, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9 - ORDER