IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADIDAS AMERICA, INC.,                          08-CV-91-BR

        Plaintiff,                          ORDER

v.

MICHAEL CALMESE,

        Defendant.


**DAVID K. FRIEDLAND**
**JAIME S. RICH**
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

**STEPHAN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

        Attorneys for Plaintiff

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

        Defendant, *Pro Se*


1 - ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff adidas America's request for sanctions in its Response (#244) to Defendant Michael Calmese's Notice (#238) of Plaintiff's Failure to Comply With This Court's Order Doc 209. For the reasons that follow, the Court concludes Defendant's conduct is sufficiently egregious to warrant the imposition of a monetary sanction, but, in the exercise of its case-management discretion, the Court continues to defer the decision whether to assess a monetary sanction pending the Court's assessment of Defendant's behavior and compliance with Court rules and orders as this matter proceeds to trial.

On October 1, 2010, the Court issued an Order (#249) in which it assessed Plaintiff's earlier and separate request for sanctions for frivolous and vexatious filings related to the Court's summary-judgment rulings and for repeated violations of the Court's orders as set out in Plaintiff's Response (#221) to Defendant's third Motion for Leave to File Third Motion for Reconsideration. The Court sanctioned Defendant in the sum of $9,106.50.

The Court also issued an Order (#250) on October 1, 2010, in which the Court assessed Plaintiff's additional request for sanctions (the subject of this Order) for Defendant's frivolous

filings in violation of the Court's orders related to the Court's rulings on the parties' dispute over Defendant's deposition video as set out in Plaintiff's Response (#244).  The Court initially deferred ruling on Plaintiff's request until the deadline expired for Defendant to pay the first sanction set out in the Court's Order (#249):

> Although the Court will have to consider the separate matter of Plaintiff's request for sanctions against Defendant raised in Plaintiff's Response (#244) to Defendant's Notice (#238), the Court declines to do so at this juncture.  Pursuant to the Court's Order (#249) issued October 1, 2010, Defendant has been ordered to pay $9,106.50 as a result of sanctions related to Defendant's violations of other Court Orders.  After the Court receives the October 21, 2010 (or earlier), status report from Plaintiff's counsel anticipated in its October 1, 2010, Order (#249), the Court will determine whether additional sanctions are warranted.

On October 20, 2010, Plaintiff filed a Status Report (#252) to advise the Court that Defendant paid the sanction of $9,106.50 in compliance with the Court's Order (#249).  Accordingly, the Court now considers Plaintiff's additional request for sanctions against Defendant raised in Plaintiff's Response (#244) to Defendant's Notice (#238)(related to Defendant's filings concerning the Court's rulings on the parties' dispute about the video record of Defendant's deposition).

With respect to this request for additional sanctions against Defendant, the Court already set out in detail the

relevant factual background in its Order (#250) issued on October 1, 2010.  Based on that factual background, the Court concludes Defendant's conduct is sufficiently egregious to warrant the imposition of an additional monetary sanction.  The Court, however, exercises its case-management discretion to continue to defer the decision whether to impose such a sanction.  Because Defendant has paid the first sanction, the Court concludes there is a reasonable possibility that the initial sanction has effectively communicated to Defendant that he must comply with this Court's rulings in order to participate in this matter.  The Court's primary goal at this stage of the case is to achieve a resolution of this matter on its merits at the trial still set for November 2, 2010, and the Court expects the parties to be prepared to do so on that date.  To encourage Defendant's future compliance with Court orders and rulings, the Court, in turn, defers the decision whether to impose a second, monetary sanction.  The Court will not hesitate to address firmly and immediately any further violation of this Court's orders and rulings by Defendant.  Specifically, in the event of any such violation, the Court will impose additional sanctions against Defendant in the amount of Plaintiff's fees incurred in responding to Plaintiff's Notice (#238), and the Court will strike Defendant's pleadings, enter a default order against Defendant, and permit Plaintiff to pursue this matter

accordingly.

The Court, therefore, **DEFERS** resolution of Plaintiff's pending request for sanctions (#244) and will resolve this issue finally at the conclusion of these proceedings or in the earlier event that it becomes necessary to address additional sanctionable conduct by Defendant.

IT IS SO ORDERED.

DATED this 22nd day of October, 2010.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge