IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| ADIDAS AMERICA, INC., | 08-CV-91-BR |
| Plaintiff, | VERDICT, FINDINGS OF FACT, AND CONCLUSIONS |
| v. | OF LAW |
| MICHAEL CALMESE, | |
| Defendant. | |


DAVID K. FRIEDLAND
JAIME S. RICH
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

STEPHAN M. FELDMAN
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

Attorneys for Plaintiff

1 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

        Defendant, *Pro Se*


**BROWN, Judge.**

    Plaintiff adidas America, Inc., brought this action against Defendant Michael Calmese seeking, among other things[1], cancellation of Defendant's "PROVE IT!" trademark (U.S. Trademark Registration No. 2,202,454) for use in connection with various sports apparel.  In support of its claim for cancellation, Plaintiff contends:  (1) Defendant committed fraud on the Patent and Trademark Office (PTO) in the process of obtaining and renewing his trademark; and (2) in the absence of fraud, Defendant's trademark should be void *ab initio* because Defendant falsely claimed his trademark was in use before he filed his use-based application.

    In his Trial Memorandum, Defendant denies making false statements in support of his applications for his trademark and maintains he has used his trademark consistently and lawfully since 1995.

    This matter was tried to the Court on November 2-3, 2010.

---

[1] As noted below, all other issues in this case have been resolved in summary-judgment proceedings.

2 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

**VERDICT**

The Court has weighed, evaluated, and considered the evidence presented at trial and has completed its deliberation. Based on its Findings of Fact and Conclusions of Law made herein pursuant to Federal Rule of Civil Procedure 52(a), the Court concludes Plaintiff has failed to meet its burden of proof as to each of its asserted bases for cancellation, and, therefore, the Court renders its Verdict in favor of Defendant on each of Plaintiff's asserted bases for cancellation of Defendant's trademark Registration No. 2,202,454.

**PROCEDURAL BACKGROUND**

On January 18, 2008, in response to a cease-and-desist letter that Defendant issued to Plaintiff in May 2007, Plaintiff filed this action seeking a declaration of non-infringement of Plaintiff's trademark, a declaration of non-false designation of origin, and cancellation of Plaintiff's trademark.  On February 12, 2008, Defendant filed his Answer in which he asserted, *inter alia*, two Counterclaims against Plaintiff for trademark infringement and for violation of Oregon's Unlawful Trade Practices Act.

On November 19, 2008, Plaintiff filed a Motion for Summary Judgment as to each of the three claims asserted by Plaintiff and both of the Counterclaims asserted by Defendant.  On October 13,

3 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

2009, the Court adopted as modified Magistrate Judge Janice M. Stewart's Amended Findings and Recommendation in which the Court granted Plaintiff's Motion as to Plaintiff's First and Second Claims for non-infringement of Defendant's trademark and for non-false designation of origin.  The Court also granted Plaintiff's Motion as to Defendant's First and Second Counterclaims for trademark infringement and for violations of Oregon's Unlawful Trade Practices Act.  The Court denied Plaintiff's Motion with respect to Plaintiff's Third Claim for cancellation of Defendant's trademark, which, as noted, is the only remaining claim in this matter.

On November 2 and 3, 2010, Plaintiff's claim for cancellation of Defendant's trademark was tried to the Court.  Three witnesses testified at trial:  Vanessa Louise Backman, former intellectual-property counsel for adidas America, Inc.; Defendant Michael Calmese; and Girmar Demarcus Anwar, Defendant's business partner.  Plaintiff submitted 37 exhibits at trial, and Defendant did not introduce any exhibits.

### **SUMMARY OF PLAINTIFF'S CLAIMS**

As noted, Plaintiff contends Defendant's trademark should be cancelled either because he committed fraud on the PTO in the application and maintenance of his trademark or the trademark is void *ab initio* due to Defendant's failure to use the mark in

4 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

commerce before filing his use-based trademark application. With respect to its cancellation claim based on fraud, Plaintiff contends (1) on August 5, 1996, Defendant committed fraud in the initial application for the trademark he filed with the PTO when he stated the "PROVE IT!" mark had been used in commerce as early as November 1995; (2) on May 18, 1998, Defendant committed fraud when he submitted substitute cloth label specimens to the PTO bearing the "PROVE IT!" mark and declared they had been in use (affixed on each article of clothing listed in Plaintiff's registration) since the time of his original filing; and (3) on January 2, 2004, Defendant committed fraud when he stated in his Combined Declaration of Continuing Use and Incontestability that his "PROVE IT!" mark had been in continuous use for five consecutive years from the date of the registration for all goods listed in the registration.

In the alternative, Plaintiff contends the Court should cancel Defendant's trademark as void *ab initio* because Defendant had not made more than ornamental use of the "PROVE IT!" mark for each of the clothing types listed at the time he filed his original application for registration on August 5, 1996. Thus, Plaintiff contends Defendant did not meet the required use standard for an in-use trademark registration.

## **STANDARDS**

5 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

Under 15 U.S.C. § 1119, the Court has authority to cancel a trademark registration. Specifically, a third party may seek cancellation of a trademark registration that was fraudulently obtained. 15 U.S.C. § 1064(3). An applicant for trademark registration or renewal commits fraud if he "knowingly makes false, material representations of fact in connection with his application," which is distinct from merely making false representations because fraud requires proof of an intent to deceive the PTO. *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009). Proof of fraud is a heavy burden, and the "the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt should be resolved against the charging party." *Id.* (quoting *Smith Int'l, Inc. v. Olin Corp.*, 209 USPQ 1033, 1044 (T.T.A.B. 1981)).

An "in-use" trademark registration requires the mark be used "in commerce" or it is void *ab initio*. *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1357 (Fed. Cir. 2009). In the context of trademarks,

> the "use in commerce" requirement is met when a mark is (1) placed on the good or container, or on documents associated with the goods if the nature of the goods makes placement on the good or container impracticable, and (2) that good is then "sold or transported in commerce."

*Id.* (quoting 15 U.S.C. § 1127 (2006)). Section 1127 does not

6 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW


prescribe a specific means for associating a mark with the goods it represents, but tags or labels affixed to the clothing products is generally an acceptable identifier of origin.  *See In re Sones*, 550 F.3d 1282, 1287 (Fed. Cir. 2009).  A "defendant's intent is not an element of a claim that a mark was not used on certain of the identified goods or services, nor is an enhanced standard of proof required."  *Grand Canyon West Ranch, LLC v. Hualapai Tribe*, 78 USPQ 2d 1696, 1697 (T.T.A.B. 2006).  Thus, the Court applies a preponderance of the evidence standard to Plaintiff's claim that Defendant has not met the use-in-commerce requirement.

### **PLAINTIFF'S CLAIM THAT DEFENDANT'S TRADEMARK IS VOID *AB INITIO***

As noted, Plaintiff asserts two separate bases for cancellation of Defendant's trademark (fraud on the PTO and void *ab initio*) with separate burdens of proof (clear and convincing evidence and preponderance of the evidence, respectively).  The Court will first address Plaintiff's void *ab initio* claim.

I.  Findings of Fact.

The Court finds the following facts by a preponderance of the evidence:

1. On August 5, 1996, Defendant filed an application with the PTO to register "PROVE IT!" as a trademark. Defendant represented his mark was first used in

    commerce no later than November 1995 in connection with clothing: "namely men's and women's shirts, men's and women's t-shirts, men's and women's shorts, baseball hats, men's and women's jackets, socks, underwear and men's and women's underwear."

2. In December 1996 the PTO issued an Office Action in which it rejected Defendant's trademark application on the ground, *inter alia*, that Defendant's use of the "PROVE IT!" mark was merely ornamental.

3. In June 1997 Plaintiff responded to the PTO's Office Action and contended, *inter alia*, his use of the mark was not merely ornamental.

4. In July 1997 the PTO issued another Office Action denying Defendant's application on the ground that the use of the mark was ornamental and was not a source indicator.

5. On May 18, 1998, through his counsel, Defendant submitted a supplemental declaration in support of his trademark application. Defendant attached to the declaration a photocopy of four "PROVE IT!" clothing labels that were not shown to be attached to any article of clothing. In his declaration, Defendant attested "the specimen labels attached hereto were in use in interstate commerce at least as early as 5

8 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

August 1996."

6. On November 10, 1998, the PTO accepted Defendant's application for trademark and issued trademark registration number 2,202,454 for "PROVE IT!".

7. On January 2, 2004, Defendant filed a combined declaration to support his continuing use of the "PROVE IT!" trademark and his claim that the trademark had become incontestable. Defendant attested he had used the "PROVE IT!" trademark in commerce for five consecutive years on clothing: "namely men's and women's shirts, men's and women's T-shirts, men's and women's shorts, baseball hats, men's and women's jackets, underwear, and men's and women's sweatshirts . . . ." Defendant did not name "socks," which was an item included in connection with his original application and registration. In support of his declaration, Defendant submitted the same photocopy of the cloth "PROVE IT!" labels that he submitted to support his May 18, 1998, filing.

8. In May 2007 Defendant sent a cease-and-desist letter to Plaintiff in which Defendant asserted, *inter alia*, Plaintiff was infringing on his "PROVE IT!" trademark.

9. In response to Defendant's letter, Plaintiff began an investigation of Defendant's claim of infringement,

9 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

      including an investigation of the legal validity of Defendant's trademark registration and Defendant's related business activity.  Specifically, Plaintiff sought to verify Defendant's use in commerce of the "PROVE IT!" trademark by means of internet research and undercover attempts to purchase Defendant's products from internet retailers.

10. Plaintiff obtained a single t-shirt with the phrase "prove it on the field" from soccer.com.  Defendant testified the shirt was not made by his company.  Plaintiff also obtained a baseball hat ("PROVE IT!" on the front panel), a t-shirt ("PROVE IT!" on the front chest area), and a pair of men's and women's underwear ("PROVE IT!" on the front) from cafepress.com.  None of the items had "PROVE IT!" hang tags or sewn-in labels, and each item had a tag or label identifying a source other than Defendant's trademark, such as "Hanes."

11. Plaintiff provided copies of internet archives from various websites that showed Defendant's clothing with the "PROVE IT!" logo, but the images did not show "PROVE IT!" hang tags on or cloth labels sewn into the articles of clothing advertised.

12. On January 18, 2008, Plaintiff filed its Complaint in this matter.  During discovery, Defendant sought

10 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

>
> production from Plaintiff of evidence to demonstrate his use in commerce of the "PROVE IT!" trademark. Defendant did not produce any direct evidence of "PROVE IT!" hang tags on or cloth labels sewn into "PROVE IT!" articles of clothing despite providing evidence of articles of clothing bearing the "PROVE IT!" mark ornamentally.
>
> 13. Defendant testified he had cloth "PROVE IT!" labels sewn into each of the articles of "PROVE IT!" clothing that he had sold since at least the time of his trademark application.
>
> 14. Girmar Anwar attested he had purchased numerous articles of clothing from Defendant with the "PROVE IT!" trademark printed on labels that were sewn into the articles. He also attested he had seen Defendant's "PROVE IT!" clothing with sewn-in labels as of August 5, 1996, when Defendant applied for a trademark registration.

**II. Conclusions of Law.**

Based on the foregoing Findings of Fact, the Court makes the following Conclusions of Law as to Plaintiff's claim that Defendant's trademark is void *ab initio*.

Plaintiff requests this Court to cancel Defendant's "PROVE IT!" trademark based on an inference that Defendant was not

11 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

making trademark use of the "PROVE IT!" mark as of the time of Defendant's application for trademark registration for "PROVE IT!". Essentially, Plaintiff rests its case on its inability to discover evidence since beginning its investigation in 2007 to corroborate Defendant's claim that he used sewn-in "PROVE IT!" labels in his clothing as of November 1995 and on its argument that Plaintiff's testimony to the contrary is not worthy of belief.

Against Plaintiff's inference-based contention, Defendant offers his sworn testimony and that of Girmar Anwar, which, if believed, is sufficient to refute Plaintiff's claim of cancellation. Although Plaintiff contends Defendant's testimony is not credible, Plaintiff's attempt to undermine Defendant's testimony that he was making trademark use of the "PROVE IT!" mark is based on a weak series of inferences that rests primarily on Defendant's failure to produce evidence to corroborate his testimony. Plaintiff, however, bears the burden of proof and must show that it is, in fact, more probably true than not that Defendant was not using the "PROVE IT!" mark in commerce at the time of Defendant's application to support its claim that the Court should declare the trademark void *ab initio*. *See Grand Canyon West Ranch*, 78 USPQ 2d at 1697.

The Court concludes a small-business owner's failure, fourteen years after the fact, to produce evidence of the type

12 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

Plaintiff seeks is not sufficient to support Plaintiff's contention that Defendant misrepresented the nature of the use of the "PROVE IT!" mark.  Accordingly, the Court finds the evidence concerning Defendant's actual trademark use of the "PROVE IT!" mark in this matter is, at best, in equipoise.  As such, the Court concludes Plaintiff has failed to carry its burden of proof as to its claim that Defendant's "PROVE IT!" trademark is void *ab initio*.

## PLAINTIFF'S CLAIM THAT DEFENDANT'S TRADEMARK SHOULD BE CANCELLED FOR FRAUD

### I. Findings of Fact.

The Court incorporates its Findings of Fact as to Plaintiff's "void *ab initio*" argument and notes Plaintiff's grounds to support a finding that Defendant made fraudulent misrepresentations are based on the same evidence offered to support Plaintiff's claim that Defendant did not make trademark use of the "PROVE IT!" mark.  Although Plaintiff contends Defendant committed acts of fraud subsequent to his initial application with the PTO, Plaintiff's claim regarding Defendant's fraudulent intent, which must be proved "to the hilt" by clear and convincing evidence, relies almost exclusively on the fact that Defendant has failed to corroborate the statements he made to the PTO regarding his use in commerce of the "PROVE IT!"

13 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

trademark in support of his trademark application and continuation.  *See In re Bose,* 580 F.3d at 1243.

## II.  Conclusions of Law.

The Court concludes there is no rational way to differentiate between the evidence offered to support Plaintiff's void *ab initio* claim and the claim of fraud.  Based on the foregoing, the Court is unable to find any fact by clear and convincing evidence as required to support Plaintiff's fraud claim.  Plaintiff's evidence, therefore, is insufficient to prove Defendant acted with a fraudulent intent to deceive the PTO.  Although the Court is unable to make the findings necessary for Plaintiff to prevail, the Court notes it would likewise be unable to rule affirmatively in Defendant Calmese's favor <u>if</u> he had a burden of proof.  Defendant's credibility in these proceedings is not sufficient to persuade this trier of fact that any particular contention is true.  On this weak record, however, the Court is unwilling to find Defendant perjured himself when he offered testimony contradicting Plaintiff's inference-based arguments.  Accordingly, the Court concludes Plaintiff's fraud claim fails because Plaintiff has failed to meet its burden of proof.

## <u>CONCLUSION</u>

For these reasons, the Court enters its Verdict against Plaintiff on each of Plaintiff's asserted bases for cancellation

14 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

of Defendant's "PROVE IT!" trademark (U.S. Trademark Registration No. 2,202,454).

The Court directs Plaintiff's counsel to submit no later than December 1, 2010, a proposed judgment consistent with this Verdict and disposing of all the matters previously resolved in the summary-judgment proceedings.  Defendant's objections to the proposed judgment, if any, are due no later than December 10, 2010.  After the judgment is entered, the Court will set a schedule for the parties to petition the Court for attorneys' fees and costs.

IT IS SO ORDERED.

DATED this 19th day of November, 2010.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - VERDICT, FINDINGS OF FACT, AND CONCLUSIONS OF LAW