IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


ADIDAS AMERICA, INC.,                        08-CV-91-BR

                    Plaintiff,               OPINION AND ORDER

v.

MICHAEL CALMESE,

                    Defendant.


**DAVID K. FRIEDLAND**
**JAIME S. RICH**
Lott & Freidland, P.A.
355 Alhambra Circle, Suite 1100
Coral Gables, FL  33134
(305) 448-7089

**STEPHAN M. FELDMAN**
Perkins Coie, LLP
1120 N.W. Couch St., 10th Floor
Portland, OR  97209
(503) 727-2058

              Attorneys for Plaintiff


1 - OPINION AND ORDER

**MICHAEL CALMESE**
3046 N. 32nd Street, Unit 321
Phoenix, AZ  85018
(602) 954-9518

Defendant, *Pro Se*

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael Calmese's Motion (#272) for Attorneys' Fees and Related Non-Taxable Expenses and Plaintiff adidas America, Inc.'s Motion (#275) for Attorneys' Fees and Non-Taxable Expenses.

For the reasons that follow, the Court **DENIES** Calmese's Motion (#272).  The Court **GRANTS in part** and **DENIES in part** adidas's Motion (#275) and **awards** attorneys' fees to adidas in the amount of **$75,000.**

<u>BACKGROUND</u>

On January 18, 2008, in response to cease-and-desist letters that Calmese issued to adidas in May 2007 regarding adidas's use of the phrase "prove it," adidas filed this action seeking a declaration of noninfringement of Calmese's "Prove It!" trademark under 15 U.S.C. § 1114, a declaration of nonfalse designation of origin under 15 U.S.C. § 1125(a), and cancellation of Calmese's trademark under 15 U.S.C. § 1119.  On February 12, 2008, Calmese filed his Answer in which he asserted, *inter alia*, two Counterclaims against adidas for trademark infringement under 15

2 - OPINION AND ORDER

U.S.C. § 1114 and for violation of Oregon's Unlawful Trade Practices Act.

On November 19, 2008, adidas filed a Motion for Summary Judgment as to each of its three claims against Calmese and as to both of Calmese's Counterclaims. On October 13, 2009, the Court adopted as modified Magistrate Judge Janice M. Stewart's Amended Findings and Recommendation and granted summary judgment to adidas as to its First and Second Claims for noninfringement of Calmese's trademark and for nonfalse designation of origin. The Court also granted summary judgment to adidas as to Calmese's First and Second Counterclaims for trademark infringement and for violations of Oregon's Unlawful Trade Practices Act. The Court denied adidas's Motion as to its Third Claim for Cancellation of Calmese's trademark.

On November 2 and 3, 2010, adidas's claim for cancellation of Calmese's trademark was tried to the Court. On November 19, 2010, the Court issued its Verdict, Findings of Fact, and Conclusions of Law (#267) and rendered its Verdict against adidas and in favor of Calmese on adidas's Third Claim for Cancellation of Defendant's Trademark because adidas failed to carry its burden of proof at trial.

On January 5, 2011, Calmese filed his Motion for Attorneys' Fees and Related Non-Taxable Expenses. On January 7, 2011, adidas filed its Motion for Attorneys' Fees and Non-Taxable

Expenses.

## STANDARDS

Under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, a district court "in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).

Under federal law a litigant is a prevailing party if he has obtained a "court-ordered chang[e] [in] the legal relationship between [the plaintiff] and the defendant."  *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 547 F.3d 1054, 1058-59 (9th Cir. 2009)(quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)).  To be a prevailing party, a litigant must succeed "on any significant issue in litigation which achieve[s] some of the benefit the part[y] sought."  *Saint John's*, 574 F.3d at 1059 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)).

The Ninth Circuit construes the "'exceptional cases' requirement narrowly."  *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008)(quoting *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000)).  Under § 1117(a) "[e]xceptional circumstances can be found when the non-prevailing party's case 'is groundless, unreasonable, vexatious, or pursued in bad faith.'"  *Gracie*, 217 F.3d 1071 (citation omitted).  *See also*

*Love v. Associated Newspapers, LTD.*, 611 F.3d 601, 615-16 (9th Cir. 2010).  The Ninth Circuit has recognized cases may be "exceptional" on a showing of "something less than bad faith"; for example, when a party raises "groundless arguments and creat[es] both serious inconvenience and economic hardship" for the opposing party.  *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825-27 (9th Cir. 1996).  In determining whether a case is exceptional, the Ninth Circuit has also considered a party's engagement in a "pattern and practice of abusive litigation practices." *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510-11 (9th Cir. 2011).

If a court concludes a case is exceptional under § 1117(a), the court has discretion as to whether to award attorneys' fees. 15 U.S.C. § 1117(a)("The court in exceptional cases *may* award reasonable attorneys' fees to the prevailing party.")(emphasis added)).  *See also Classic Media*, 532 F.3d 990.  Under § 1117(a) "awards are 'never automatic and may be limited by equitable considerations.'" *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999)(quoting *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 620 (9th Cir. 1993)).

## CALMESE's MOTION (#272) FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES

Calmese seeks an award of attorneys' fees and expenses

($119,000), nontaxable expenses ($10,000), lost business sales
($177,783), and a tripling of the total of those amounts as a
punitive sanction against adidas for acting in bad faith
($920,349).  Calmese contends he is entitled to this relief under
§ 1117(a) because this case is exceptional on the basis of
adidas's alleged bad faith.  Under the Lanham Act, however, the
requesting party's rights must have been vindicated in a civil
action for that party to be entitled to lost profits or other
damages.  Section 1117(a) provides in pertinent part:

> When a violation of any right of the
> registrant of a mark registered in the Patent
> and Trademark Office, a violation under
> section 1125(a) or (d) of this title, or a
> willful violation under section 1125(c) of
> this title, shall have been established in
> any civil action arising under this chapter,
> the plaintiff shall be entitled, subject to
> the provisions of sections 1111 and 1114 of
> this title, and subject to the principles of
> equity, to recover (1) defendant's profits,
> (2) any damages sustained by the plaintiff,
> and (3) the costs of the action. . . .  In
> assessing damages the court may enter
> judgment, according to the circumstances of
> the case, for any sum above the amount found
> as actual damages, not exceeding three times
> such amount.

As noted, the Court granted summary judgment in favor of adidas
and against Calmese with respect to the parties' infringement
claims under § 1125 (*i.e.*, adidas's First Claim for a declaration
of noninfringement of Calmese's mark and Calmese's First
Counterclaim for infringement of his mark by adidas).  Thus,
Calmese has not asserted a lawful basis for his request for lost

6 - OPINION AND ORDER

sales or for treble damages.

Nevertheless, Calmese asserts he is entitled to attorneys'
fees and costs because the Court found adidas acted in bad faith
in its Order (#136) issued on October 8, 2009.  In that Order the
Court upheld Magistrate Judge Janice M. Stewart's Amended
Findings and Recommendation in which she recommended the Court
grant adidas's Motion for Summary Judgment as to, *inter alia*,
adidas's First Claim seeking a declaration of noninfringement and
as to Calmese's First Counterclaim for infringement of his "Prove
It!" trademark.  In her assessment of the infringement claims
under *Sleekcraft* and her determination of the likelihood of
confusion between the parties' goods on which they used the
phrase "prove it," Magistrate Judge Stewart found the factor of
"good faith" weighed in Calmese's favor because adidas used the
"prove it" phrase with knowledge of Calmese's mark.  *See AMF,
Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir.
1979)(sets out the likelihood-of-confusion factors).  Neither the
Magistrate Judge nor this Court, however, made a finding that
adidas acted in bad faith but merely concluded, when viewing the
facts in the light most favorable to Calmese (the nonmoving party
on summary judgment), that the good-faith factor favored Calmese,
the holder of the mark.

Calmese also asserts adidas acted in bad faith by litigating
through trial its Third Claim for cancellation of Plaintiff's

mark.  Calmese appears to base his argument on the fact that
adidas was unable to meet its burden of proof at trial.  In its
Verdict, Findings of Fact, and Conclusions of Law, however, the
Court noted adidas had, at best, shown enough at trial to bring
the evidence to equipoise but did not provide sufficient evidence
to prove its Claim by a preponderance of the evidence.  Thus,
Calmese does not provide any specific grounds nor does the Court
find any basis on this record to conclude that adidas acted in
bad faith.

In any event, in order to be entitled to attorneys' fees
under § 1117(a), Calmese must show he is a "prevailing party,"
which requires Calmese to show that he succeeded "on any
significant issue in litigation which achieve[s] some of the
benefit [he] sought" or that he received a court-ordered change
in his relationship with adidas.  *See Saint John's*, 574 F.3d at
1059.  As noted, the only aspect of this litigation for which
Calmese "prevailed" was at the trial of adidas's Third Claim
seeking cancellation of Calmese's mark, and, as noted, Calmese
prevailed only because adidas failed to carry its burden of
proof.  Calmese, however, did not prevail as to the substantive
relief he sought in his First and Second Counterclaims, both of
which the Court dismissed on summary judgment.  Calmese,
therefore, only "succeeded" in defeating one of the three claims
brought by adidas and did not obtain any of the affirmative

relief that he sought.  Furthermore, the resolution of adidas's
Third Claim for cancellation of Calmese's mark in Calmese's favor
did not alter the relationship between adidas and Calmese because
the Court merely maintained the status quo by refusing to cancel
Calmese's mark.

The Court concludes on this record that Calmese is not a
prevailing party within the meaning of § 1117(a) because he
neither succeeded on any significant issue by achieving the
relief he sought nor was he the beneficiary of a court-ordered
change in his relationship with adidas.  Thus, Calmese is not
entitled to attorneys' fees or costs as a prevailing party under
§ 1117(a).

Because the Court resolves Calmese's Motion on other
grounds, it does not address whether Calmese may be entitled to
attorneys' fees as a *pro se* litigant nor does the Court comment
on the legitimacy of the amounts sought by Calmese in his Motion.

## ADIDAS'S MOTION (#275) FOR ATTORNEYS'
## FEES AND NON-TAXABLE EXPENSES

adidas seeks an award of attorneys' fees of $722,856.21[1] and
nontaxable costs of $18,417.11 under § 1117(a).  On January 7,
2011, the Court granted adidas's Bill of Costs and taxed costs in

---

[1] adidas states it has not included in its request for
attorneys' fees and costs any time spent or cost associated with
preparing for or participating in trial.

the amount of $2,882.52 against Calmese.

adidas contends it is the prevailing party in this matter, that this case should be considered "exceptional" under § 1117(a), and that adidas should be awarded its reasonable attorneys' fees and nontaxable costs in the sum of $741,273.32.

**I.    Prevailing Party.**

adidas contends it is the prevailing party in this matter because it sought and obtained relief from this Court in the form of a declaration of noninfringement and of nonfalse designation of origin with respect to Calmese's "Prove It!" mark.  adidas notes it not only prevailed on its First and Second Claims for relief, it succeeded in securing on summary judgment the dismissal of Calmese's two Counterclaims as well.  Thus, adidas contends it succeeded on significant issues in this matter, secured most of the relief it sought against Calmese, and obtained a court-ordered change in the legal relationship between adidas and Calmese by securing this Court's declaration that adidas's actions did not infringe on Calmese's mark.

The Court agrees adidas is the prevailing party in this matter pursuant to the principles set out by the Ninth Circuit in *Saint John's* and by the Supreme Court in *Buckhannon* and *Texas State Teachers*.  *See Saint John's,* 574 F.3d at 1059. Accordingly, adidas may be entitled to attorneys' fees if the Court finds this is an "exceptional case" under § 1117(a).

10 - OPINION AND ORDER

## II.  Exceptional Case.

adidas argues this matter should qualify as an exceptional case on the basis of Calmese's extensive history of bad faith, maliciousness, and vexatious litigation tactics that include frivolous and prohibited filings and repeated disregard of this Court's orders.

adidas recounts at length in its Motion that Calmese's actions have needlessly multiplied the briefing in this matter and illustrated Calmese's vexatious nature.  For example, adidas references emails and letters from Calmese in which he used unprofessional and profane language with counsel for adidas that include remarks about the religious practices of adidas's counsel and references to Calmese's plan to use communications with counsel in a book he was writing that would disparage counsel and adidas.  *See, e.g.,* Docket No. 37, Exs. G and H.  adidas also points to Calmese's repetition of baseless and unsupported allegations of perjury against adidas's counsel that required additional written responses.  *See* Docket Nos. 18, 21, 31, 33. Magistrate Judge Stewart warned Calmese about such behavior at the hearing held on December 2, 2008.

adidas also recounts the cycle of untimely, unauthorized, and noncompliant filings by Calmese challenging Magistrate Judge Stewart's Findings and Recommendation (#101) and this Court's decision to adopt the Findings and Recommendation (#136).  For

11 - OPINION AND ORDER

example, Calmese filed no fewer that seven documents in an attempt to supplement the summary-judgment record after the Court had made rulings on the Motion. *See* Docket Nos. 103-05, 166-29. In addition, Calmese filed no fewer than ten documents seeking reconsideration or modification of the Findings and Recommendation. *See* Docket Nos. 118, 139, 145, 160, 170, 174-75, 217-18, 220.  The Court does not need to repeat the history of Calmese's unauthorized and impermissible attempts to undermine the Court's summary-judgment rulings that were recounted at length and in great detail in the Court's Order (#229) issued on August 30, 2010.  The Court ultimately imposed a monetary sanction on Calmese for his blatant disregard of Court orders and the Local Rules and for making repeated and frivolous filings.

In a similar fashion, Calmese engaged in a string of unauthorized and frivolous filings in which he vehemently challenged the authenticity of the tape of his deposition testimony based on alleged tampering. *See* Docket Nos. 216, 219, 238, 246.  Calmese did not produce any evidence to support his assertions and repeatedly misconstrued the orders of the Court by insisting adidas had not complied with the Court's Order to allow Calmese to inspect the original video.  Again, in its Order (#250), the Court set out at length and in detail the relevant procedural history.  The Court again noted Calmese's continued disregard of Court orders and his repeated violation of the Local

12 - OPINION AND ORDER

Rules.  In its Order (#254) issued on October 22, 2010, in which
the Court deferred resolution of adidas's request for sanctions
related to Calmese's filings, the Court found Calmese's actions
"sufficiently egregious to warrant the imposition of an
additional monetary sanction."

These actions by Calmese needlessly prolonged these
proceedings and caused serious inconvenience and economic
hardship for adidas's counsel.  At numerous stages throughout
this litigation, the Court, as noted, had to repeat instructions
to Calmese to follow the Local Rules, particularly with respect
to conferral rules; to limit Calmese's filings; and to admonish
Calmese in writing and in person to obey the Court's unambiguous
and direct instructions.  Nevertheless, Calmese continued to show
a lack of respect for the legal process, for this Court and its
rulings, and for adidas's counsel.  As a result of Calmese's
unreasonable and vexatious behavior, the Court concludes this
matter qualifies as an "exceptional case" under § 1117(a) as
interpreted by the Ninth Circuit, and adidas, therefore, is
entitled to seek an award of attorneys' fees against Calmese.

**III. Award of Reasonable Attorney's Fees.**

adidas sets out at length in the Declarations of David K.
Friedland and Stephen M. Feldman the time that adidas spent on
this matter omitting the time spent in preparation for and
participation in trial.  The Court has reviewed adidas's

documents in support of its Motion and finds the amount of time
is reasonable.

Calmese does not challenge the reasonableness of the time
expended or the hourly rates sought by adidas.  Instead Calmese
argues (1) the Court should not award adidas fees related to
preparation for or participation in trial; (2) adidas's decision
to litigate its Third Claim through trial was in bad faith;
(3) the Court should follow the District Court of Arizona's
ruling in a prior action between Calmese and Nike, Inc., and
decline to award attorneys' fees in this matter, and (4) Calmese
is a *pro se* Defendant of limited means, and the Court should at
most award "a token amount to discourage unsubstantiated *pro se*
litigation."  The Court has already addressed Calmese's first and
second arguments and finds they are not a basis to undermine the
award sought by adidas, which, as noted, does not include a
request for any fee arising from preparation for or participation
at trial.

Calmese contends this Court should follow the decision of
Chief Judge Roslyn O. Silver, United States District Judge for
the District of Arizona in *Calmese v. Nike, Inc.*, No. CV-06-1959-
PHX-ROS (D. Ariz.).  Chief Judge Silver presided over a trademark
action between Calmese and Nike, Inc., that was similar to the
case now before this Court.  Ultimately Chief Judge Silver denied
Nike's motion for attorneys' fees under § 1117(a).  In her

14 - OPINION AND ORDER

opinion denying Nike's motion for reconsideration, Chief Judge
Silver noted there was not any evidence that Calmese had violated
that court's orders (in contrast to his conduct in this matter)
beyond a single violation of the court's Rule 16 scheduling
order. *Calmese v. Nike, Inc.*, No. CV-06-1959-PHX-ROS, 2009 WL
2913489, at *2 n.4 (D. Ariz. Sept. 3, 2009).  Although she denied
Nike's motion, Chief Judge Silver noted Calmese's pattern of
suing sporting-goods companies in hopes of a big settlement and
that Calmese made threats to those companies that he would make
them "miserable in court" if he was not provided with a
satisfactory settlement. *Id.,* at *3.  In light of his actions,
Chief Judge Silver concluded:  "Defendant's failure to meet [its]
burden does not excuse Plaintiff's conduct, which came perilously
close to warranting § 1117(a) attorneys' fees." *Id.*, at *4.

    This Court has repeatedly instructed Calmese that this
matter is distinct from the Nike case and that the rulings in the
District Court of Arizona are not binding on this Court.  Calmese
was not sanctioned in the Arizona case, did not repeatedly
violate court orders, and did not make numerous frivolous
filings.  Calmese also had the benefit of Chief Judge Silver's
warning that his conduct came very close to warranting the
imposition of attorneys' fees under § 1117(a).

    Finally, Calmese contends the Court should not, in any
event, impose the full amount that adidas seeks for attorneys'

15 - OPINION AND ORDER

fees and costs because Calmese is a *pro se* litigant of limited means and cannot satisfy a judgment of nearly three-quarters of a million dollars.

As noted, a finding that a case is exceptional under § 1117(a) does not lead to an automatic award of attorneys' fees. *Classic Media*, 532 F.3d 990.  The Court has discretion as to whether to award attorneys' fees under § 1117(a), and the Court's award may be informed by equitable concerns.  *See Rolex Watch*, 179 F.3d at 711.  It would indeed be troubling to award nearly $750,000 in attorneys' fees against a *pro se* litigant who lacked the advice of counsel in defending against an action initiated by a sophisticated party like adidas.

In considering an equitable reduction of the amount of attorneys' fees and costs sought by adidas, the Court takes into consideration a number of factors:

1.   Calmese has fairly extensive experience litigating these types of matters; is not unfamiliar with the litigation process; and has demonstrated the ability to access the court docket, to communicate with opposing counsel, and to file the necessary pleadings.  *See id.,* at *3.  In addition, no level of inexperience excuses Calmese's disobedience of direct court orders prohibiting him from filing additional motions.

2.   adidas chose to file this action against Calmese, and the Court notes adidas has been active in litigating these

16 – OPINION AND ORDER

types of cases across the country.  For adidas, this type of lawsuit is a part of the cost of doing business and protecting their intellectual property.  In addition, parties generally bear their own costs in these trademark-infringement actions because fees are awarded only in "exceptional cases."

3.   Even if Calmese had conducted himself like a model defendant, adidas would have faced significant attorneys' fees and costs to litigate this matter, particularly in light of the hourly rate that adidas pays its intellectual property counsel ($445 to $625 per hour).  Calmese's vexatious behavior is not responsible for all of adidas's attorneys' fees and costs. Moreover, the Court did not find Calmese's claims of infringement to be wholly without merit.

4.   Because § 1117(a) only permits awards of attorneys' fees in exceptional cases involving bad faith or otherwise arising from engaging in vexatious conduct or meritless litigation, the Court concludes the statute is intended to not only compensate the opposing party, but also to punish a party for his vexatious behavior and to deter others from engaging in such conduct.  *See Patsy's Brand, Inc. v. I.O.B. Realty, inc.*, 317 F.3d 209, 221-22 (2d Cir. 2003).

The Court concludes on this record that an award of attorneys' fees in favor of adidas is warranted under § 1117(a). The Court disagrees with Calmese that "a token amount" is

17 - OPINION AND ORDER

appropriate to discourage his conduct.  The Court, however, concludes an award of almost $750,000 is unreasonable under these circumstances.  In light of the foregoing and in the exercise of its discretion, the Court awards adidas $75,000 in attorneys' fees pursuant to § 1117(a).  The Court concludes this amount is sufficient to deter Calmese from engaging in this type of litigation behavior in the future and to compensate adidas's counsel for the additional time spent to respond to Calmese's frivolous, vexatious, and unauthorized filings.[2]


## CONCLUSION

For these reasons, the Court **DENIES** Defendant Calmese's Motion (#272) for Attorneys' Fees and  Related Non-Taxable Expenses.  The Court **GRANTS in part** and **DENIES in part** Plaintiff adidas's Motion (#275) for Attorneys' Fees and Non-Taxable Expenses and **awards** adidas attorneys' fees in the amount of **$75,000.**

IT IS SO ORDERED.

DATED this 12th day of May, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

_____

[2] By way of general example, this amount would represent 150 hours of attorney time at a billing rate of $500 per hour.

18 - OPINION AND ORDER